# MOORE *v.* UNITED STATES EX REL. BOYER.

PATENTS; OFFICERS; MANDAMUS; CONSTITUTIONAL LAW.

1. The court is powerless to direct the action of an executive officer by mandamus, unless a positive legal right is being invaded by him in violation of a duty clearly imposed upon him by law; and such duty must be so plain and positive that he has no discretion left.

2. If, in the judgment of the Commissioner of Patents, action on a pending application for a patent should be suspended temporarily, for what he deems a sufficient reason, so long as such suspension does

not interfere with a positive legal right the court will not by man-
damus inquire into the wisdom of his action.

3. Mandamus at the relation of a party representing the interest of an
applicant for a patent will not lie to compel the Commissioner of
Patents to grant the relator access to the application, where the
Commissioner's refusal to grant such access is based upon the pend-
ency of an appeal by the assignee of the applicant from the decision
of a court of another jurisdiction directing the assignee to reassign
to the relator, although such decree was not stayed,—especially where
the Commissioner has previously ordered the suspension of further
action on the application until the appeal should be finally dis-
posed of. (Citing *Re Pearsall,* 31 App. D. C. 265.)

4. *Quære,* whether "the full faith and credit clause" of sec. 1, art. 4, of the
Federal Constitution relates to executive officers of the government,
or is confined exclusively to the courts.

*No.* 1959.   Submitted November 5, 1908.   Decided December 22, 1908.

HEARING on an appeal by the respondent, the Commissioner
of Patents, from an order of the Supreme Court of the District
of Columbia directing the issuance of the writ of mandamus
to compel him to grant the relator permission to inspect and
obtain copies of certain applications for letters patent.

*Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal by the Commissioner of Patents from a
judgment of the supreme court of the District of Columbia
granting a peremptory writ of mandamus commanding him to
grant to the relator, William H. Boyer, permission to inspect
and obtain copies of certain applications for letters patent filed
by one Joseph Berger, Jr.  It appears that Berger, on August 4,
1902, and March 19, 1903, respectively, filed applications for
patents on "feed mechanism for sewing machines."   There-
after, in June, 1904, these applications were assigned to the
Metropolitan Sewing Machine Company.   Under the terms of
this assignment, the assignee was to pay to the assignor certain
royalties.   It was a further condition of the assignment that,

upon failure of the company to pay the royalties for a stated length of time, the applications should be reassigned to the inventor. Such failure occurred, but the company refused to carry out the conditions of its agreement and reassign the applications. In October, 1906, Berger assigned to the Union Special Machine Company his reversionary interests in the former assignment, together with the right to sue for and collect back royalties, and for the reconveyance of the applications. Thereafter the Union Special Machine Company transferred all its rights acquired from the assignment of Berger to the appellee, Boyer, an official of the company.

Boyer, being a resident of New York, brought suit in the supreme court of that State, setting forth the failure of the Metropolitan Sewing Machine Company to carry out the conditions of its contract with Berger. As a result of this suit, a decree was entered March 2, 1908, ordering the Metropolitan Sewing Machine Company to assign the applications to the appellee, Boyer. From this judgment the Machine Company appealed, which appeal is now pending. There was, however, no stay of execution granted. The Metropolitan. Sewing Machine Company, failing to comply with the conditions of the decree, upon the motion of appellee on April 14, 1908, were held in contempt and ordered to immediately execute and deliver an assignment as required by the terms of the decree. Accordingly, the company executed an assignment to Boyer, which was duly recorded by the Commissioner in the assignment records of the Patent Office. Immediately after the entering of the decree of the court of March 2, 1908, in his favor, appellee filed a petition in the Patent Office, requesting that action on the Berger applications be suspended for thirty days, which request was granted by an order of the Assistant Commissioner of March 16, 1908. On March 23, appellee filed a petition in the Patent Office for permission to inspect the Berger applications and make copies thereof. This petition was denied, but, to safeguard the rights of all parties, the Assistant Commissioner made an order suspending further action on the applications until the pending appeal should be finally disposed of by the courts of the State of New York.

Upon the filing of the assignment from the Metropolitan Sewing Machine Company, appellee renewed his petition for permission to examine and obtain copies of said applications. The Assistant Commissioner thereupon made an order requiring the Metropolitan Sewing Machine Company to show cause why the petition of appellee should not be granted. After a hearing, at which both parties appeared, the Commissioner denied the petition of appellee and made the following order: "Under the order of April 1, 1908, also by reason of the assignment of record by the Metropolitan Sewing Machine Company, said company can take no action on this application pending a decision on appeal. It appears, therefore, that the interests of Boyer are fully protected, and there is no good reason based on this ground for permitting him to have access to the application. The order holding that neither party be permitted to take action in the case in which appeal is pending is conceded to be just, because of the injury that might result to the other party if the final decision should be in his favor. To permit Boyer, under these circumstances, to have access to the application might equally well cause irreparable injury to the Metropolitan Sewing Machine Company in case it is finally held entitled to the application. The request of Boyer for access to this application pending the determination of the question of title on appeal is accordingly denied."

Appellee thereupon filed in the supreme court of the District of Columbia his petition for a writ of mandamus commanding the Commissioner to grant him permission to inspect and obtain copies of the Berger applications. In response to a rule to show cause, appellant, respondent below, filed his answer. Appellee, relator below, then filed a motion for judgment. On hearing, the court granted the motion for judgment, and ordered the writ of mandamus to issue as prayed for. From this judgment, the case comes here on appeal.

*Mr. Webster S. Ruckman* for the appellant.

*Mr. Charles L. Sturtevant* and *Mr. Eugene G. Mason* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is clearly an instance of judicial interference with the discretionary power of an executive officer of the government. It is elementary that a court is powerless to direct the action of an executive officer unless a positive legal right is being invaded by the officer, where the duty imposed upon him is clearly prescribed and enjoined by law. The duty, however, must be so plain and positive that the officer has no discretion left. Merrill, Mandamus, p. 64.

The Commissioner of Patents is vested with full authority to control and regulate the course of proceedings in his office. If, in his judgment, action on a pending application should be suspended temporarily, for what he deems a sufficient reason, so long as such suspension does not interfere with a positive legal right a court will not inquire into the wisdom of his action. We recognize the well-established principle that courts will intervene to protect the citizen when his constitutional or legal rights are being invaded by the exercise of arbitrary power. Where an officer, acting under assumed authority vested in him by virtue of his office, undertakes in the performance of his official duties, without due process of law, to deprive the citizen of rights he has acquired by administrative or judicial proceedings, the courts will afford protection, either by mandamus or injunction. In this case, no such right has been invaded. The hearing of the cases has simply been postponed for reasons clearly within the discretion of the Commissioner, and all the rights of appellee are protected. The appellee has not been deprived of any legal right conferred by law. The Commissioner of Patents filed in his office the assignment executed by virtue of the decree of the supreme court of New York. The decree not only imposed no duty upon the Commissioner, but it is not even persuasive as to how, or when, or to whom the patents in this case shall be issued. "The full faith and credit clause" of the Constitution has not been violated by the Commissioner. It does not in any way enter into this case. It is therefore unnecessary for us to consider whether or not that clause relates

to executive officers of the government, or is confined exclusively to the courts.   What the supreme court of New York did was to direct the execution of an assignment of the Berger applications to appellee.   The Commissioner has not questioned the validity of the action of the court or the assignment.   He has merely suspended further action on the applications until the case in New York, now pending on appeal, is finally determined. This, in our opinion, was not only a due exercise of discretion, but it was prudent action on the part of the Commissioner.   Had he permitted appellee to prosecute the applications to patent, or even to examine the applications and secure copies of them, and the decree should be afterwards reversed, irreparable damage might, or almost certainly would, result to the Metropolitan Sewing Machine Company.   On the other hand, should the decree of the court be affirmed, there is no law compelling the Commissioner to recognize the assignment.   It is no part of the duty of the Commissioner to pass upon the validity or invalidity of assignments filed in his office.   Whether he recognizes the assignment, or not, will not affect the legal status of appellee as fixed by the decree of the New York court.

It is well settled that it is purely discretionary with the Commissioner whether he shall issue the patent to the assignee or the patentee.   As said by this court in a case where there were two assignments filed in the Patent Office: "Having determined that a patent should issue, it is conceded he might have ignored both assignments and issued a patent in the name of the inventor, which, probably, would have been the better course for him to have followed." *Re Pearsall,* 31 App. D. C. 265.   Should the decree be affirmed, and the Commissioner finally determine that patents should be issued upon the applications in this case,— which yet remains to be decided,—it is discretionary with him whether they shall be issued to the inventor Berger or to the assignee.   No damage can occur to the appellee as a result of the exercise of such discretion on the part of the Commissioner.   Appellee is fully protected by his assignment.   The patents are equally valid, whether issued in the name of the applicant or the assignee, and, when issued, the title immediately vests, by

operation of law, in the assignee.   *Gayler* v. *Wilder,* 10 How.
477, 13 L. ed. 504.

Upon no theory is there a case here presented for the inter-
ference of the courts.   The extraordinary writ of mandamus is
not available for this purpose.   The order is, therefore, reversed,
with costs and cause remanded, with directions to vacate such
order, to discharge the rule to show cause and to dismiss the
petition, and it is so ordered.                        *Reversed.*

On motion of the appellant a writ of error to the Supreme
Court of the United States was allowed January 14, 1909.