**WANN v. ICKES, Secretary of the Interior.**
**No. 6850.**

United States Court of Appeals for the District of Columbia.
Argued May 11, 1937.
Decided June 7, 1937.

James C. Rogers, of Washington, D. C., for appellant.

Frederick Bernays Wiener, of Providence, R. I., and Jackson E. Price, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

VAN ORSDEL, Associate Justice.

Appellant, plaintiff below, filed an amended bill of complaint seeking to compel the Secretary of the Interior to issue to him an oil and gas lease for certain lands in Caddo parish, La. From an order of

the lower court dismissing the bill, plaintiff appeals.

On August 5, 1935, plaintiff posted on the lands in question a notice of his intention to apply for a permit to prospect for gas and oil. On August 15th following he filed with the Commissioner of the General Land Office an application for a permit under section 13 of the Act of February 25, 1920 (41 Stat. 441; 30 U.S.C. § 221 [30 U.S.C.A. § 221]). This statute authorized the Secretary of the Interior to grant to any qualified applicant a prospecting permit which would give him an exclusive right, for a period not exceeding two years, to prospect for oil or gas on land not exceeding 2,560 acres, provided that the land was not situated within any known geological structure of a producing oil or gas field.

Six days after plaintiff filed his application for a permit, Congress passed the Act of August 21, 1935 (49 Stat. 674, § 1 [30 U.S.C.A. § 221]), amending section 13 of the Act of February 25, 1920, to read as follows:

"The Secretary of the Interior is [hereby] authorized, and directed, under such necessary and proper rules and regulations as he may prescribe, to grant to any applicant. * * * Provided, That said application was filed ninety days prior to the effective date of this amendatory Act [August 21, 1935]. * * * No prospecting permit shall be granted upon any application filed after ninety days prior to the effective date of this amendatory Act [August 21, 1935]. * * * Provided further, That any application for any prospecting permit filed after ninety days prior to the effective date of this amendatory Act [August 21, 1935] shall be considered as an application for lease under section 17 hereof [section 226 of this title]."

Section 17 referred to, as amended by the Act of August 21, 1935 (49 Stat. 676, § 1 [30 U.S.C.A. § 226]), provides:

"All lands subject to disposition under this Act [sections 181 to 194, 201, 202 to 208, 211 to 214, 221, 223 to 229, 241, 256 and 261 to 263 of this title] which are known or believed to contain oil or gas deposits, except as herein otherwise provided, may be leased by the Secretary of the Interior after the effective date of this amendatory Act [August 21, 1935], to the highest responsible qualified bidder by competitive bidding under general regulations. * * * Provided further, That

the person first making application for the lease of any lands not within any known geologic structure of a producing oil or gas field who is qualified to hold a lease under this Act [sections 181 to 194, 201, 202 to 208, 211 to 214, 221, 223 to 229, 241, 251 and 261 to 263 of this title], including applicants for permits whose applications were filed after ninety days prior to the effective date of this amendatory Act [August 21, 1935] shall be entitled to a preference right over others to a lease of such lands without competitive bidding at a royalty, in the case of oil, of 12½ per centum," etc.

Under the amendatory act, inasmuch as plaintiff's application was filed within the ninety-day period, he was clearly entitled to a preference right to a lease, without competitive bidding, if the land covered by his application was not within any known geologic structure of a producing oil or gas field.

The Commissioner of the General Land Office, on September 18, 1935, rejected plaintiff's application, on the ground that the lands involved were within the known geologic structure of the Rodessa oil and gas field district of Louisiana, and therefore were not subject to appropriation under section 13 of the Act of February 25, 1920. Plaintiff moved for a rehearing, which motion was denied, the Interior Department adhering to its holding that the lands involved were, when plaintiff posted his notice on August 5, 1935, known to be within the geologic structure of the producing Rodessa oil and gas field.

Plaintiff alleges in his bill that he was the first person to make application for a permit to prospect upon this land; that when he filed his application the land was not within any known geological structure of a producing oil or gas field; that he has a right to a lease of these lands under section 17 of the Act of February 25, 1920, as amended by the Act of August 21, 1935; that the Secretary is about to offer to lease these lands to the highest bidder; that the Secretary's rejection of his application is arbitrary and unreasonable, and the facts found in the Secretary's decision are insufficient to warrant the finding that the lands involved were known to be within the geologic structure of a producing oil or gas field.

The ground of the Secretary's motion to dismiss the bill was that his decision was based upon a determination of fact that the

lands were within the known geologic structure of a producing oil and gas field prior to the time plaintiff filed his application; that the finding was made in the lawful exercise of the authority of the Secretary and is therefore conclusive and binding upon the court; that it follows that the lands may not be leased except to the highest responsible qualified bidder; and that plaintiff is not entitled to any preference; that the issuance of the lease is within the discretion of the Secretary.

An examination of the Secretary's decision convinces us that it was neither arbitrary nor capricious. In part, it states as follows:

"The records of the Geological Survey show that * * * Sec. 5, T. 23, N., R. 15 W. [on which plaintiff applied for a permit to prospect] are within the known geologic structure of the Rodessa oil and gas field. This has been known since 1931. The dip of the formation is shown to be very gentle to the north, so that there is just reason for regarding the tracts as being in proven territory. It will be noted that oil was discovered almost a month before the alleged posting was made, and of course gas had been discovered a little to the south almost five years before that time."

This finding of fact by the Secretary is the vital point upon which plaintiff's case must stand or fall. It is too well settled to require citation of authority that the determination by the Secretary of a question of fact, in a matter within his jurisdiction, is binding upon the courts. Nor will the courts entertain an inquiry as to the extent of his investigation and knowledge of the points decided, or as to the methods by which he reached his determination. De Cambra v. Rogers, 189 U. S. 119, 122, 23 S.Ct. 519, 47 L.Ed. 734.

We think that the finding of fact by the Secretary that the lands here involved were known since 1931 to be within the geologic structure of a producing oil and gas field is conclusive.

Plaintiff's complaint that the Secretary's determination of the location of these lands was made after the filing of plaintiff's application is without merit. The Secretary's determination was that the lands involved were known to be within the geologic structure of a producing oil and gas field, both when the posting was made and when the application was filed, and in making this determination he relied upon the fact that it had been known since 1931 that these lands were within the geologic structure of the Rodessa oil and gas field. It does not appear that the Secretary took into consideration facts not known until after the date of the application. It is true, as pointed out by plaintiff, that in his decision the Secretary mentions that "on September 14, 1935, a producing well was completed" in section 14 of township 23. It will be observed, however, that this occurred merely in a recital of the statements of the Commissioner of the General Land Office in transmitting the records to the Interior Department. Moreover, the completion of a producing well in section 14 of township 23 merely emphasizes the correctness of the Secretary's finding that the lands in question were known to be within the geologic structure of a producing gas and oil field since 1931.

Nor is there anything mandatory in the statutory provision authorizing the Secretary to fix and determine the boundaries of all oil and gas field structures. Section 32 of the Act of February 25, 1920 (41 Stat. 450; 30 U.S.C. § 189 [30 U.S.C.A. § 189]), upon which plaintiff relies, provides, in part, as follows:

"The Secretary of the Interior is authorized to prescribe necessary and proper rules and regulations and to do any and all things necessary to carry out and accomplish the purposes of this Act [sections 181 to 194, 201 to 208, 211 to 214, 221, 223 to 229, 241, 251, and 261 to 263, of this title]; also to fix and determine the boundary lines of any structure, or oil or gas field, for the purposes of this Act [thereof]."

It will be observed that the language of this section is permissive. But, even if it were to be considered mandatory, plaintiff's position would not be improved, since there is nothing which necessarily requires that boundaries be fixed prior to an application. In the instant case the Secretary determined the location of the lands in question, as being within the known geologic structure of a producing oil field, as of the time when the application was filed, not basing his determination upon facts subsequent to such filing. This was sufficient.

When plaintiff's application was filed, the acceptance or rejection thereof was

clearly within the discretion of the Secretary, even assuming that the application covered lands not known to be within the geologic structure of a producing gas or oil field, since the language of section 13 was merely permissive. United States ex rel. McLennan v. Wilbur, 283 U.S. 414, 418, 51 S.Ct. 502, 503, 75 L.Ed. 1148.

[5] Plaintiff's contention that, under section 13 as amended by the Act of August 21, 1935, his application, being filed within the ninety-day period, must be considered as an application for a lease under section 17, as amended, and that under the latter section he is entitled to a preference right over others to a lease of these lands, without competitive bidding, cannot be sustained in the face of the Secretary's finding that the lands covered by his application were known since 1931 to be within the geologic structure of a producing gas and oil field. That finding is conclusive. The court is without power in this proceeding to go behind that finding, or upon any sound theory of law or equity to control the Secretary's action herein.

The order appealed from is affirmed.