**UNITED STATES ex rel. ROUGHTON v. ICKES, Secretary of the Interior.**
**No. 7113.**

United States Court of Appeals for the. District of Columbia.

Dec. 5, 1938.

Roy St. Lewis, of Washington, D. C., for appellant.

Frederick L. Kirgis, First Asst. Sol., and David M. Hudson, Asst. Sol., Department of Interior, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

VINSON, Associate Justice.

Plaintiff, appellant herein, on June 2, 1936, filed application in the General Land Office, Department of the Interior, for a preferential right over others without competitive bidding to a lease of certain lands, not within any known geological structure of a producing oil and gas field, for the purpose of exploring for oil and gas. The lands formerly comprised the old Fort Hays Military Reservation located in the State of Kansas which were abandoned as such and placed in the control of the Secretary of the Interior for disposition; and are the same which by an Act of Congress of March 28, 1900 (31 Stat. 52), as amended by the Act of August 27, 1914 (38 Stat. 710), were granted to the State of Kansas upon condition that the State establish and maintain perpetually thereon an experimental station of the state agricultural college and a branch of the state normal school, and that, in connection therewith, the reservation should be used and maintained as a public park. The grant provided that whenever the lands should cease to be used by the State for such specified purpose they would revert to the United States.

The Commissioner of the General Land Office on June 16, 1936 denied plaintiff's application. An appeal from this decision was heard and on December 16, 1936 was affirmed by the Secretary of the Interior.

On January 29, 1937, plaintiff filed his petition for a writ of mandamus in the District Court of the United States for the District of Columbia to compel the Secretary of the Interior to execute and deliver to him an oil and gas prospecting lease covering the lands described in his application to the General Land Office. A rule to show cause was issued against the Secretary of the Interior and answer to this rule was filed by him. After full hearing, plaintiff's petition was dismissed, whereupon this appeal was taken.

The plaintiff contends that the Secretary of the Interior is authorized and directed to issue to him a prospecting permit under sec. 13 of the act (Act Feb. 25, 1920), as amended, 30 U.S.C.A. § 221, or a lease under sec. 17 thereof, as amended, 30 U.S. C.A. § 226; that he is entitled to a preference right over others to a lease for the

lands in question; that the execution and delivery of an oil and gas lease on the lands is a purely ministerial act to be performed by the Secretary and he refuses to perform such duty; and, that in view of this refusal he is entitled to a writ of mandamus commanding the Secretary of the Interior to execute and deliver to him the oil and gas prospecting lease in question.

It is the contention of the Secretary of the Interior that the statute does not cast on him any plain, imperative or ministerial duty to issue permits or leases under amended sec. 17, but that said act, as amended, merely grants authority to him, and, with that authority, a discretion in the issuance of such permits or leases; that the exercise of the discretion granted by Congress to him cannot be controlled by writ of mandamus; and, that the lands upon which the plaintiff seeks a lease are lands in which the United States has no interest or title to found the issuance of a permit or lease, and therefore, the United States, acting through him, cannot grant any rights to the plaintiff under the amended statute.

The applicable statute is the Act of February 25, 1920 (41 Stat. 437), as amended by the Act of August 21, 1935 (49 Stat. 674). We print, in part, section 13 (original and amended) and section 17, as amended, in the margin.[1]

■ It is conceded by the plaintiff that sec. 13 of the act of February 25, 1920 was not mandatory in nature, but merely authorized the Secretary to grant to a qualified applicant a prospecting permit to prospect for oil and gas upon lands owned by the United States not within any known geological structure of a producing oil or gas field;[2] but it is urged by him that sec.

---

1 (Original)

"[Sec. 13.] That the Secretary of the Interior is authorized, under such necessary and proper rules and regulations as he may prescribe, to grant to any applicant qualified under this Act [sections 181 to 194, 201 to 208, 211 to 214, 221, 223 to 229, 241, 251, and 261 to 263 of this title] a prospecting permit, which shall give the exclusive right, for a period not exceeding two years, to prospect for oil or gas upon not to exceed two thousand five hundred and sixty acres of land wherein such deposits belong to the United States and are not within any known geological structure of a producing oil or gas field * * *." 30 U.S.C.A. § 221.

(Amended)

"[Sec. 13.] That the Secretary of the Interior is authorized, and directed, under such necessary and proper rules and regulations as he may prescribe, to grant to any applicant qualified under this Act [sections 181 to 194, 201, 202 to 208, 211 to 214, 221, 223 to 229, 241, 256 and 261 to 263 of this title], a prospecting permit, which shall give the exclusive right, * * * to prospect for oil or gas upon not to exceed two thousand five hundred and sixty acres of land wherein such deposits belong to the United States and are not within any known geological structure of a producing oil or gas field * * * : Provided, That said application was filed ninety days prior to the effective date of this amendatory Act [August 21, 1935]. * * * Provided further * * * No prospecting permit shall be granted upon any application filed after ninety days prior to the effective date of this amendatory act [August 21, 1935]. * * * Provided further, That any application for any prospecting permit filed after ninety days prior to the effective date of this amendatory Act [August 21, 1935] shall be considered as an application for lease under section 17 [section 226 of this title] hereof * * *". 30 U.S.C.A. § 221.

"[Sec. 17.] All lands subject to disposition under this Act [sections 181 to 194, 201, 202 to 208, 211 to 214, 221, 223 to 229, 241, 256 and 261 to 263 of this title] which are known or believed to contain oil or gas deposits, except as herein otherwise provided, may be leased by the Secretary of the Interior after the effective date of this amendatory Act [August 21, 1935], to the highest responsible qualified bidder by competitive bidding under general regulations. * * * Provided further, That the person first making application for the lease of any lands not within any known geologic structure of a producing oil or gas field who is qualified to hold a lease under this Act [sections 181 to 194, 201, 202 to 208, 211 to 214, 221, 223 to 229, 241, 251 and 261 to 263 of this title], including applicants for permits whose applications were filed after ninety days prior to the effective date of this amendatory Act [August 21, 1935], shall be entitled to a preference right over others to a lease of such lands without competitive bidding at a royalty, * * *". 30 U.S.C.A. § 226.

2 U. S. ex rel. McLennan v. Wilbur, 283 U.S. 414, 51 S.Ct. 502, 75 L.Ed. 1148; Wann v. Ickes, 67 App.D.C. 291, 92 F.2d 215.

13 of the act as amended is no longer permissive, but is now mandatory. In support of his position, he quotes the section, in part, as follows:

"That the Secretary of the Interior is hereby authorized and *directed,* under such necessary and proper rules and regulations as he may prescribe, to grant to any applicant qualified under this Act, sections 181 to 194, 201, 202 to 208, 211 to 214, 221, 223 to 229, 241, 256 and 261 to 263 of this title, a prospecting permit, which shall give the exclusive right, for a period not exceeding two years, to prospect for oil and gas upon not to exceed two thousand five hundred and sixty acres of land wherein such deposits belong to the United States and are not within any known geological structure of a producing oil and gas field * * *."

This contention of plaintiff must fall when the whole statute is studied. While the language quoted by plaintiff directs the Secretary to grant a prospecting permit, additional language following expressly limits this duty to those applications filed ninety days before the effective date of the act. This additional language is: "Provided, That said application was filed ninety days prior to the effective date of this amendatory act [August 21, 1935]." The section further provides "no prospecting permit shall be granted upon any application filed after ninety days prior to the effective date of this amendatory act [August 21, 1935]"; and further provides that "any application for any prospecting permit filed after ninety days prior to the effective date of this amendatory act [August 21, 1935] shall be considered as an application for lease under section 17 [section 226 of this title] hereof."

It is very evident to us that Congress in the Act of 1935 changed the policy of the government in regard to the development of public lands for oil and gas. It desired to, and did, abolish prospecting permits as such, and provided that when the development of public lands for oil and gas should be determined upon, it would be done under a lease. However, at the time of the consideration of the bill, there were pending many applications for prospecting permits and Congress directed the Secretary to issue prospecting permits to those otherwise qualified who had filed their applications for prospecting permits more than ninety days before the effective date of the act, and in this connection, said: "It being the intention of Congress that there shall be no discrimination as between applicants for prospecting permits, the Secretary of the Interior is directed, in every case where one or more permits have been issued, to issue permits to all other applicants for prospecting permits on the same structure. * * *" To those who filed their applications subsequent to ninety days prior to the effective date of the act, Congress expressly provided that such applications for prospecting permits would be considered as applications for leases under sec. 17. So it is very clear to us that the use of the word "directed" in sec. 13, as amended, only applied to the applications for prospecting permits on file ninety days before the effective date of the act. The application of the plaintiff, having been filed on June 2, 1936, cannot be included among the applications for prospecting permits which the Secretary of the Interior was directed to issue.

Plaintiff's application, therefore, is controlled by sec. 17 of the act, as amended. In part, this section provides "all lands subject to disposition under this act [sections 181 to 194, 201, 202 to 208, 211 to 214, 221, 223 to 229, 241, 256 and 261 to 263 of this title], which are known or believed to contain oil or gas deposits, except as herein otherwise provided, may be leased by the Secretary of the Interior after the effective date of this amendatory act [August 21, 1935] * * *." There is a second proviso that "the person first making application for a lease of any lands *not within any known geologic structure* of a producing oil or gas field who is qualified to hold a lease under this act [sections 181 to 194, 201, 202 to 208, 211 to 214, 221, 223 to 229, 241, 251 and 261 to 263 of this title], including applicants for permits *whose applications were filed after ninety days prior to the effective date of this amendatory act* [August 21, 1935] *shall be entitled to a preference right over others to a lease of such lands without competitive bidding * * *."* (Italics supplied)

It appears that the lands in question are "not within any known geologic structure of a producing oil or gas field." Thus we conclude that the second proviso of section 17 controls plaintiff's application and we are to decide whether it commands the Secretary to issue an oil and gas lease to plaintiff.

The language of sec. 17, as amended, including the second proviso, is clearly

permissive. Lands which are known or believed to, contain oil or gas deposits *may be leased* but language is lacking making it the duty of the Secretary to execute a lease. The second proviso entitles a qualified applicant to a preference right to a lease on lands not within any known geologic structure of a producing oil or gas field, but, in no respect places a duty upon the Secretary to execute a lease. The act does not say that the applicant is entitled to a lease. Rather, it .specifically states that he "shall be entitled to a preference right over others to a lease of such lands without competitive bidding." In other words, the mere filing of the application, when the statute does not place a duty upon the Secretary "beyond peradventure clear", gives plaintiff no such vested interest as would leave a single remaining duty upon the Secretary, which may be commanded by mandamus. See Wilbur v. U. S. ex rel. Barton, 60 App.D.C. 11, 46 F. 2d 217, affirmed 283 U.S. 414, 51 S.Ct. 502, 75 L.Ed. 1148.

■ Congress has created the Land Department, under the supervision and control of the Secretary of the Interior, to which is confided the execution of the laws which regulate the purchase, selling, and disposition of the public lands. U. S. ex rel Riverside Oil Co. v. Hitchcock, 190 U. S. 316, 23 S.Ct. 698, 47 L.Ed. 1074. "The secretary is the guardian of the people of the United States over the public lands. The obligations of his oath of office oblige him to see that the law is carried out, and that none of the public domain is wasted or is disposed of to a party not entitled to it. He represents the government, which is a party in interest in every case involving the surveying and disposal of the public lands." Knight v. U. S. Land Ass'n, 142 U.S. 161, 181, 12 S.Ct. 258, 264, 35 L. Ed. 974; U. S. ex rel. Riverside Oil Co. v. Hitchcock, supra.

■ Performance of an official act purely ministerial in its nature may be commanded by mandamus. It is established that whenever the conditions have been fulfilled whereby the relator in the mandamus is entitled to call upon an officer to do an act beneficial to the relator that act becomes a ministerial duty.[3] But it is only when the duty of the officer to do the act is clear-cut, well-defined, and positive that it is considered ministerial and compellable by mandamus. If discretion exists, the duty is never ministerial. "In matters which require judgment and consideration to be exercised by an executive officer of the government, or which are dependent upon his discretion, no rule for a mandamus to control his action will issue. It is only for ministerial acts, in the performance of which no exercise of judgment or discretion is required, that the rule will be granted." U. S. ex rel Carrick v. Lamar, 116 U.S. 423, 426, 6 S.Ct. 424, 425, 29 L. Ed. 677. "Under the established rule, the writ of mandamus cannot be made to serve the purpose of an ordinary suit. It will issue only where the duty to be performed is ministerial and the obligation to act peremptory and plainly defined. The law must not only authorize the demanded action, but require it; the duty must be clear and indisputable." U. S. ex rel. McLennan v. Wilbur, ·supra, 51 S.Ct. 504, note 2. "Where. the right of the petitioner is not clear, and the duty of the officer, performance of which is to be commanded, is not plainly defined and peremptory, mandamus is not an appropriate remedy. [Cases.] The officer must be left free, in the performance of official duty, to decide whether he will perform the act demanded or secure by appropriate procedure a judicial determination of the extent of his duty. His decision 'is regarded as involving the character of judgment or discretion,' the exercise of which will not be compelled by mandamus." U. S. ex rel. Girard Co. v. Helvering, 301 U.S. 540, 543,[4] 57 S.Ct. 855, 857, 81 L.Ed. 1272. Where there is discretion, "even though its conclusion be disputable, it is impregnable to mandamus."

---

[3] Work v. U. S. ex rel. Rives, 267 U. S. 175, 45 S.Ct. 252, 69 L.Ed. 561; Lane v. Hoglund, 244 U.S. 174, 37 S.Ct. 558, 61 L.Ed. 1066; Ballinger v. U. S. ex rel. Frost, 216 U.S. 240, 30 S.Ct. 338, 54 L. Ed. 464; Garfield v. U. S. ex rel. Goldsby, 211 U.S. 249, 29 S.Ct. 62, 53 L.Ed. 168; Roberts v. U. S., 176 U.S. 221, 20 S.Ct. 376, 44 L.Ed. 443; Butterworth v. Hoe, 112 U.S. 50, 58 S.Ct. 25, 28 L.Ed. 656; United States v. Schurz, 102 U.S. 378, 26 L.Ed. 167; Kendall v. United States ex rel. Stokes, 12 Pet. 524, 9 L. Ed. 1181.

[4] Decatur v. Paulding, 14 Pet. 497, 10 L.Ed. 559, 609; U. S. ex rel. International Contracting Co. v. Lamont, 155 U.S. 303, 308, 15 S.Ct. 97, 39 L.Ed. 160; U. S. ex rel. Riverside Oil Co. v. Hitchcock, supra; Ness v. Fisher, 223 U.S. 683, 32 S.Ct. 356, 56 L.Ed. 610; Work

Alaska Smokeless Coal Co. v. Lane, 250 U. S. 549, 555, 40 S.Ct. 33, 64 L.Ed. 1135. And where the matter "is not beyond peradventure clear, we have invariably refused the writ, even though the question were one of law as to the extent of the statutory power of an administrative officer or body." U. S. ex rel. Chicago Greatwestern R. R. Co. v. Interstate Commerce Commission, 294 U.S. 50, 63, 55 S.Ct. 326, 331, 79 L.Ed. 752.

■ The duties imposed by sec. 17, as amended, upon the Secretary of the Interior in the administration of the land laws of the United States involve the exercise of judgment and discretion. Knight v. U. S. Land Ass'n, supra. In such duties "the courts will refuse to substitute their judgment or discretion for that of the official entrusted by law with its execution. Interference in such a case would be to interfere with the ordinary functions of government." Louisiana v. McAdoo, 234 U.S. 627, 633, 34 S.Ct. 938, 941, 58 L. Ed. 1506.

■ Indeed, the present case would offer a clear example of interference by courts if mandamus were ordered. As previously stated, complete control and administration, under the statute, has been vested in the Secretary of the Interior in all matters concerning public lands of the United States. Congress has thus made the Secretary an agent of the executive branch of the government not only to develop public lands, but also to conserve them and protect the rights of the general public therein. He is to determine all matters having to do with his office and trust which involve discretion. To allow mandamus where discretion exists in an executive officer would transcend powers conferred by Congress, under Constitutional limits, upon executive officers. The judiciary will not invade territory inherently legislative or executive.

■ There could be no possible use of mandamus here except to compel the Secretary to act in a particular way, which, of course, in this case would be to allow the lease which he has previously denied. If the Secretary refused to act, a different picture would be presented and mandamus would lie to compel him to act initially, but he has taken action in the present case and we are without power to compel him to depart from his considered opinion. "Mandamus cannot be had to compel a particular exercise of judgment or discretion." Interstate Commerce Commission v. U. S. ex rel. Members of the Waste Merchants Ass'n of N. Y., 260 U.S. 32, 34, 43 S.Ct. 6, 67 L.Ed. 112. "Mandamus is employed to compel the performance, when refused, of a ministerial duty, this being its chief use. It also is employed to compel action, when refused, in matters involving judgment and discretion, but not to direct the exercise of judgment or discretion in a particular way nor to direct the retraction or reversal of action already taken in the exercise of either." Wilbur v. U. S. ex rel. Kadrie, 281 U.S. 206, 218, 50 S.Ct. 320, 324, 74 L.Ed. 809.

■ As it is our opinion that the Secretary of the Interior has acted in his official capacity in a matter basically and essentially discretionary, involving as it does the development for oil and gas of public lands of the United States as laid down in the acts of Congress, and as no duty "beyond peradventure clear" to execute the requested lease is imposed by the Statute, we hold that the petition for the writ of mandamus was properly dismissed.

In this view of the case, we do not decide whether the State of Kansas was a necessary party to the suit, or the title to mineral deposits contained in these lands.

The judgment of the lower court is affirmed.

---

v. U. S. ex rel. Rives, supra, note 3; Wann v. Ickes, supra, note 2; U. S. ex rel. United States Borax Co. v. Ickes, Oct. 10, 1938, 68 App.D.C. 399, 98 F.2d 271, certiorari denied 59 S.Ct. 80, 83 L. Ed. ——.