**DUNN v. ICKES, Secretary of Interior.**

**No. 7652.**

United States Court of Appeals for the
District of Columbia.

Decided June 28, 1940.

Rehearing Denied July 30, 1940.

Raymond M. Hudson, Minor Hudson, Geoffrey Creyke, Jr., and Frank M. Chapin, all of Washington, D. C., for appellant.

Nathan R. Margold, Sol., and Frederick L. Kirgis, Harry M. Edelstein, Jackson E. Price, and Phineas Indritz, of Sol.'s Office, Interior Department, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and EDGERTON and VINSON, Associate Justices.

VINSON, Associate Justice.

An application was made by the appellant for an oil lease in certain lands, allegedly in the public domain, with the Register of the United States Public Land Office at Los Angeles, California. This application was denied on the ground that the land in question had previously "been patented by the United States as a confirmed private land claim", and that decision was affirmed by the Commissioner of the General Land Office. An appeal was taken to the Secretary of the Interior, who has postponed action on the matter. The appellant brought this action in the District Court seeking an order in the nature of a mandamus to (1) compel issuance of a lease, or (2) compel action on the application. The District Court dismissed the complaint and from that order this appeal has been taken.

In her complaint the appellant alleges that she filed "a due and proper application for an oil lease" and that she is therefore entitled to such lease or a negative decision by the Secretary. Under § 17 of the Act of February 25, 1920, as amended,[1] and regulations adopted pursuant thereto,[2] leases are only granted on application in respect to "lands * * * not within any known geologic structure of a producing oil or gas field". Unless the oil lease she seeks relates to such land, the appellant's complaint is meaningless for lands "which are known or believed to contain oil or gas deposits" are leased to "the highest * * * qualified bidder by competitive bidding under general regulations".[3] Assuming, without deciding, that her allegation that she has made "a due and proper application for an oil lease" necessarily avers by implication that the subject matter is land "not within any known geologic structure of a producing oil or gas field" we pass to a consideration of whether the appellant has otherwise stated a cause of action.

---

[1] 49 Stat. 676, 30 U.S.C.A. § 226.
[2] 1 Fed.Reg. 373.

[3] 49 Stat. 676, 30 U.S.C.A. § 226.

■ In one prayer for relief she seeks an order compelling the Secretary to issue her the oil lease applied for. In United States ex rel. Roughton v. Ickes, 69 App. D.C. 324, 101 F.2d 248, however, we held that under the applicable statutory provisions the courts may not compel the issuance of oil leases, confided by Congress to the discretion of the Secretary.[4] We adhere to that view.

■ We come then to the appellant's alternative prayer that the Secretary be compelled to take action on her application for a lease. Assuming that under some circumstances he might be so compelled, the appellant's complaint presents no such case. She makes no allegation that the Secretary has granted any lease in derogation of such preferential rights as she may have under the statute.[5] Even if we assume a 'legal right' in the appellant, it must be remembered that the statute leaves entirely to the Secretary the procedure preliminary to decision on an application for an oil lease.[6] Hence, an order in the nature of a mandamus to compel decision will not lie where his refusal to act is not clearly arbitrary or capricious.[7] The appellant's complaint charges only that the Secretary has neither granted nor denied her application for a lease. It cannot be doubted that under many circumstances withholding action on such applications for a rather extended period would be eminently proper, if not essential to wise administration. The appellant sets forth no factual allegations from which it could be inferred that the Secretary acted arbitrarily or capriciously in withholding his decision here, indeed she does not charge that he has so acted. In the absence of such allegations it must be assumed that the Secretary has withheld decision on her application for a good and sufficient reason,[8] and

[4] See also Wann v. Ickes, 67 App.D.C. 291, 92 F.2d 215. Cf. Perkins v. Lukens Steel Company, 60 S.Ct. 869, 84 L.Ed. —, decided April 29, 1940.

[5] Section 17 merely provides: "all lands subject to disposition under [this Act] which are known or believed to contain oil or gas deposits, except as herein otherwise provided, may be leased by the Secretary of the Interior after August 21, 1935, to the highest responsible qualified bidder by competitive bidding under general regulations. * * *

"*Provided further, That the person first making application for the lease of any lands not within any known geologic structure of a producing oil or gas field who is qualified to hold a lease * * * shall be entitled to a preference right over others to a lease of such lands without competitive bidding at a royalty, in the case of oil, of 12½ per centum in amount * * *".* (Italics supplied) 49 Stat. 676, 30 U.S.C.A. § 226.

[6] United States ex rel. Roughton v. Ickes, supra, and see the relevant statutory provision, supra n. 5.

[7] United States ex rel. Riverside Oil Co. v. Hitchcock, 21 App.D.C. 252, affirmed 190 U.S. 316, 23 S.Ct. 698, 47 L. Ed. 1074; Moore v. United States ex rel. Boyer, 32 App.D.C. 243, dismissed, 220 U.S. 625, 31 S.Ct. 717, 55 L.Ed. 614; Commercial Solvents Corp. v. Mellon, 51 App.D.C. 146, 277 F. 548. See authorities cited 18 R.C.L., Mandamus, §§ 38–39; 38 C.J., Mandamus § 199.

[8] There is a legal presumption that governmental administrative officials have acted properly. United States v. Chemical Foundation, Inc., 272 U.S. 1, 14, 15, 47 S.Ct. 1, 71 L.Ed. 131; Klamath and Moadoc Tribes of Indians v. United States, 296 U.S. 244, 253, 56 S.Ct. 212, 80 L.Ed. 202; Wilkes v. Dinsman, 7 How. 89, 48 U.S. 89, 131, 12 L.Ed. 618; Laughlin v. Cummings, 70 App.D.C. 192, 105 F.2d 71; Proctor & Gamble Co. v. Coe, 68 App.D.C., 246, 249, 96 F.2d 518.

In the brief for the appellee it is stated that on August 30, 1939 (the date she alleges the Secretary "denied or indefinitely postponed a hearing [on her application]") the appellant's attorneys received the following communication from the Interior Department:

"Hudson, Creyke & Hudson,
"1343 H. Street, N. W.
"Washington, D. C.

"Gentlemen: The Department is in receipt of your letter of August 8, addressed to me, with regard to the appeals of C. H. Dunn et al., A. 21766, in which you again request a hearing before the Department.

"In response to a previous request we wrote you on May 27, as follows:

" 'As you are aware, S. J. Res. Nos. 83 and 92 and H. J. Res. Nos. 176 and 181 are now pending in Congress. As a result of the enactment of one of these resolutions or some similar resolution it is anticipated that the courts will be called on to settle the question of the ownership of the oil or other minerals in the lands under the ocean and within an area covered by territorial waters of the United States. One of the questions which may be raised in such action as

it would be clearly improper for the courts to compel his action in such a case.[9]

We conclude that the appellant's complaint failed to state a cause of action.[10]

The order of the District Court dismissing the complaint must be affirmed.

Affirmed.

---

may be brought may be the one whether, even if it be assumed that full title to the lands be not in the United States, the United States, nevertheless, owns the mineral rights therein. In your appeals you raise a similar question. For these reasons your cases are being held in suspense.

" 'Under these circumstances I do not believe that an oral hearing at this time would serve any useful purpose. Your request for a hearing is accordingly denied.'

"You now write:

" 'As now all resolutions were permitted to lapse, we understand, in the committees, we are asking that we be given a hearing by the Secretary forthwith on these appeals.'

"So far as this Department is aware, S. J. Res. Nos. 83 and 92 and H. J. Res. Nos. 176 and 181 are still pending in Congress and the Committees to which they were referred have not reported thereon. There has been no material change in the status of the legislation since we wrote you on May 27 and, accordingly, your request for a hearing is again denied.

"Very truly yours,

"(Sgd.) Harry Slattery,

"Under Secretary."

It may be noted in connection with this communication that the Senate Committee on Public Lands favorably reported S. J. Res. 92, May 15, 1940, with amendments. (S.Rep. No. 1612, 76th Cong. 3rd Session).

The care with which the appellant has avoided charging the Secretary with arbitrary or capricious action in the matter is due, apparently, to a commendable desire to restrict her allegations to the facts. The appellee has requested us to take judicial notice of the above communication, but that is not necessary to our disposition of the case.

[9] Cf. Moore v. United States ex rel. Boyer, 32 App.D.C. 243, dismissed, 220 U.S. 625, 31 S.Ct. 717, 55 L.Ed. 614.

[10] Our conclusion that the appellant did not make out a case for an order to compel decision on her application disposes as well, we think, of her supplemental prayer for an order compelling the Secretary to give her an immediate oral hearing.

It may be observed in connection with this prayer for an immediate hearing that the appellant's brief itself reveals that she was informed of the issues under consideration by the Department and invited to submit a brief thereon which she did, filing "an extended brief on the subject".