**UNITED STATES v. 333.6 ACRES OF LAND, MORE OR LESS, TERMINAL ISLAND, LOS ANGELES HARBOR, CAL., et al.**

Civ. No. 1102-B.

District Court, S. D. California, Central Division.

March 19, 1941.

John W. Preston and Annette Abbott Adams, Sp. Assts. to Atty. Gen., both of Los Angeles, Cal., for the Government.

Floyd E. Pendell and T. S. Hogan, both of Los Angeles, Cal., for defendants Floyd E. Pendell, Charles E. Walker and Hayden F. Jones.

BEAUMONT, Judge.

Eminent domain proceedings.

Plaintiff seeks to condemn a certain parcel of land, alleging that such land is required for improvement and protection of navigation in the interest of national defense and the protection of commerce. Defendants Pendell, Walker and Jones in their answer allege that such real property is part of the public domain and subject to the Mineral Lands Leasing Act, Feb. 25, 1920, 30 U.S.C.A. §§ 22, 48, 181 et seq.; that in 1936 said defendants, pursuant to the provisions of said Act, filed applications for oil and gas leases on said property; that at the time of so doing they were legally qualified to make such applications; that when they filed such applications the land in question was not within any known geological structure of a producing oil or gas field; that said lease applications are still pending before the Secretary of the Interior; that defendants have a property right which entitles them to a portion of any award made herein.

Defendants' answer fails to reveal any right or interest compensable in these proceedings, 30 U.S.C.A. §§ 221, 226. Prior to the enactment of the present law, Act of Feb. 25, 1920, c. 85, § 13, a citizen was free to make explorations of oil and gas as a matter of right. Under the law as it now stands, he must apply for the privilege. Wilbur v. United States ex rel. Barton, 60 App.D.C. 11, 46 F.2d 217, affirmed, 283 U.S. 414, 51 S.Ct. 502, 75 L. Ed. 1148; Wann v. Ickes, 67 App.D.C. 291, 92 F.2d 215; United States ex rel. Roughton v. Ickes, 69 App.D.C. 324, 101 F.2d 248; Dunn v. Ickes, 72 App.D.C. 325, 115 F.2d 36, certiorari denied, 61 S.Ct. 137, 85 L.Ed. ——. Until such privilege is granted (and it may be denied within the discretion of the Secretary of the Interior), such citizen has no right or interest he may assert

against the sovereign power which condemns the land he has sought the privilege of leasing. As defendants base their claims solely upon their undetermined, naked applications for leases, plaintiff's motion for judgment on the pleadings must be granted.

It is so ordered.