## UNITED STATES ex rel. JORDAN v. ICKES, Secretary of the Interior.

### No. 16121.

District Court of the United States for the District of Columbia.

Feb. 20, 1943.

Judgment Affirmed June 5, 1944.

See 143 F.2d 152.

James E. Watson, Samuel A. King, William H. King, and Orin de Motte Walker, all of Washington, D. C., for plaintiff.

Felix S. Cohen, Acting Sol., Department of Interior, of New York City, and Harry M. Edelstein and Phineas Indritz, Asst. Sols., Department of Interior, both of Washington, D. C., for defendant.

BAILEY, Associate Justice.

The defendant has moved for a summary judgment upon the ground that there is no genuine issue of any material fact and that as a matter of law the defendant is entitled to judgment.

The plaintiff alleges that sometime in 1937 he filed an application with the Register of the General Land Office in Los Angeles for certain leases; that the application was denied by the Commissioner of the General Land Office on the ground that the Department of the Interior lacked jurisdiction; that he appealed to the Secretary of the Interior in 1937 but that the Secretary has failed to decide the appeal; that the United States is the owner of the submerged lands in the harbor of Los Angeles, of which he applied for these leases; that the Secretary has jurisdiction to allow these leases, and he prays:

First, for the issuance of oil and gas leases;

Second, as alternative relief, that the Secretary decide the appeal;

Third, for declaratory judgment that the United States has title to these lands, and

Fourth, or a declaratory judgment that the Secretary has jurisdiction.

The section of the Mineral Leasing Act under which these applications are made provides—and it is just a short quotation—that:

"All lands subject to disposition under this Act which are known or believed to contain oil or gas deposits, except as herein otherwise provided, may be leased by the Secretary of the Interior * * *: Provided, further, That the person first making application for the lease of any lands not within any known geologic structure of a producing oil or gas field who is qualified to hold a lease * * * shall be entitled to a preference right over others to a lease of such lands without competitive bidding at a royalty," etc. 49 Stat. 676, 30 U.S.C.A. § 226.

In support of the motion for summary judgment the Secretary submitted the affidavit of Assistant Secretary Chapman which, in substance, alleges the taking of the appeal, the fact that the Secretary has not decided the appeal, the fact that action on the appeal has been suspended; and he sets forth a decision in the form of a letter which was sent to one of the counsel for the plaintiff on April 17, 1942. This letter is as follows:

"With respect to your recent inquiry, the records of the General Land Office show that Mr. Robert E. Lee Jordan has filed in his name five oil and gas lease applications for submerged areas off the coast of California."

These applications are identified by certain numbers which are set forth.

"The question as to the nature and extent of the rights in and jurisdiction over

876

submerged lands off the coast of California and other coastal states as between the United States and the respective states has been for some time and now is under consideration by the Department of Justice. Congress, too, in recent years has had occasion to consider this matter, various resolutions having been introduced with reference thereto. House Joint Resolution 5 and House Joint Resolution 34 are pending in the present Congress. This Department, therefore, has suspended action on all of Mr. Jordan's applications and other similar applications."

 So far as the question of the right to compel the Secretary of the Interior to comply with the plaintiff's demands, I think the case of United States ex rel. McLennan v. Wilbur, 283 U.S. 414, 51 S.Ct. 502, 75 L.Ed. 1148, is conclusive. In that case the Supreme Court distinguished between the acts of Congress which gave a positive mandate to the Secretary and those in which it merely gave permission to take certain action in his discretion. The court also distinguished between applicants for mere privileges, such as the plaintiff in this case, and those persons who, because of expenditures, or otherwise, deserve special consideration. In that case I think the plaintiff was in a stronger position than in the present case. The facts do not appear fully in the opinion of the Supreme Court but are stated more fully in the dissenting opinion of Justice Van Orsdel in the decision of that case in the Court of Appeals. His opinion appears in 60 App. D.C. 11, at page 16, 46 F.2d 217, at page 222.

The plaintiff here is not claiming that the defendant is depriving him of any preference right that he may have over others but he has no vested right certainly other than any such preference he may have provided the Secretary deems it advisable to make any lease of the rights to the land in question.

The case, I think, is also controlled by the decision of the Court of Appeals in the case of Dunn v. Ickes, 72 App.D.C. 325, 115 F.2d 36, which involved applications for oil and gas leases under the same Act of Congress.

 So far as the question of the right to a declaratory judgment is concerned I think this case is controlled by the case of Doehler Metal Furniture Co. v. Warren, Comptroller General of United States, 76

U.S.App.D.C. 60, 129 F.2d 43. The granting of these leases being a matter entirely within the discretion of the defendant, the Court has no power to bind his action by a declaratory judgment.

Inasmuch as, in my opinion, the plaintiff has no vested right in this case but comes into court as an applicant for a mere privilege, he is entitled to no relief against the defendant. It is, therefore, unnecessary to pass upon the other questions in this case, that is, the right to a declaratory judgment that the Secretary has jurisdiction, or that the United States has title to these lands and, as to the latter, the question whether the State of California is a necessary party.

The granting of these leases being a matter within the discretion of the defendant and, as said above, the plaintiff having no vested right to a lease or leases, and there being no genuine issue of any material fact necessary to a decision of the case, the motion for a summary judgment should be sustained.