## EDGERTON v. KINGSLAND, Commissioner of Patents.

### No. 9362.

United States Court of Appeals
District of Columbia.

Argued March 6, 1947.

Decided Dec. 4, 1947.

Mr. David Rines and Mrs. Joan Rines Needleman, both of Boston, Mass., of the bar of the Commonwealth of Massachusetts, pro hac vice, by special leave of court, with whom Mr. Frank W. Dahn, of Washington, D. C., who entered an appearance, was on the brief, for appellant.

Mr. E. L. Reynolds, United States Patent Office, of Washington, D. C., with whom Mr. W. W. Cochran, Solicitor, United States Patent Office, of Washington, D. C., who entered an appearance, was on the brief, for appellee.

Before STEPHENS, EDGERTON and WILBUR K. MILLER, Associate Justices.

STEPHENS, Associate Justice.

This is an appeal from a judgment of the District Court of the United States for the District of Columbia dismissing the complaint in Civil Action No. 29,179 in which the appellant sought the issuance of a mandatory injunction directing the entry of certain amendments in his patent application Serial No. 685,501.

The system disclosed by the application is one in which repeated flashes of light for viewing moving objects are produced between two main electrodes of a mercury vapor tube. Current for the flashes is supplied by a battery and condenser. The flash occurs as the result of the passing of a current through an auxiliary electrode of the mercury vapor tube, this current so operating as to cause a spark to jump between the tube's two main electrodes. The current to the auxiliary electrode is supplied by the secondary coil of a transformer in such manner that the energization of the primary coil thereof will control the flash. The primary coil is supplied with current from a battery and condenser through a circuit which includes a so-called thyratron. This device releases and interrupts the flow of the current to the

primary coil at intervals determinable in a variety of ways not material to this case.

Appellant's original application included nine exhibits. The proposed amendments consisted in part of three additional exhibits, Nos. 10, 11 and 12. These, according to the appellant's complaint, "do no more than to illustrate the static inverter . . . described in the original specification" of application Serial No. 685,501. The amendments consisted also of certain additions to the specification. These amendments, according to the complaint, "do no more than to make clearer matter that was originally disclosed in said application." The amendments were submitted to the Patent Office on September 23, 1943, and January 7, 1944, but the Commissioner of Patents, so it is alleged, arbitrarily declined to permit the appellant to amend his specification and drawings in the manner requested. The answer of the Commissioner denies arbitrary action and asserts, in substance and effect, that the proposed amendments were considered by the Patent Office but that they were found to constitute new matter which under the Patent Office rules the appellant is not entitled to add to his application. At the close of the trial the District Court found that:

' The Commissioner of Patents has considered the proposed amendments referred to in the complaint and has held upon their merits that they cannot properly be entered in the application.[1]

Upon this finding the court concluded that the Commissioner's refusal to enter the amendments was within his discretion and that the appellant was not entitled to the mandatory relief sought. The court accordingly dismissed the complaint. The questions for determination on this appeal are whether it can with reason be said that this finding is in clear error (Abbott v. Coe, 1939, 71 App.D.C. 195, 109 F.2d 449; Sharp v. Coe, 1941, 75 U.S.App.D.C. 118, 125 F.2d 185; Dyer v. Coe, 1941, 75 U.S. App.D.C. 125, 125 F.2d 192) and whether the conclusion is justified by the law.

According to the Patent Office record which was introduced in evidence, the history of the amendments so far as here pertinent is as follows: The amendments were filed by the appellant on September 23, 1943, and January 7, 1944. By letter of January 25, 1944, the Primary Examiner declined in the following terms to allow them:

All the matter added to the description by amendments of September 23, 1943, and January 7, 1944, is required to be cancelled. The proposed Figures 10, 11, and 12 have not been entered. *This added subject matter involves new matter to this application, and such matter has been ruled on and held not supported by the original disclosure.* For example, the charging circuit in applicant's system is not oscillatory, the systems, disclosed do not include a self-excited relaxation oscillator or a self-excited static inverter. The Decision on Motions of November 23, 1938, and the Board of Appeals Decision of July 18, 1939, in Interference #74,402, held such matter to be lacking in applicant's original disclosure. [Italics supplied]

On or about February 22, 1944, the appellant requested reconsideration of this ruling. On or about February 26, 1944, the Primary Examiner by letter again refused to enter the amendments and drawings, stating:

*The requirement for cancelling all of the matter added to the description by amendments of September 23, 1943 and January 7, 1944, is repeated.* The new description of Figure 9 is a departure from the original disclosure as pointed out in the last Office action. The original description of Figure 9 should be reinserted. *Descriptive matter pertaining to proposed Figures 10, 11 and 12 should be cancelled since these Figures have not been entered as pointed out in the last Office action.* [Italics supplied]

On March 19, 1944, the appellant appealed to the Board of Appeals from the decision of the Primary Examiner of February 26, 1944. On February 15, 1945, the Board rendered a final decision upholding the Primary Examiner's ruling in respect of the amendments. The Board said:

---

[1] The District Court found also that: "The purpose of the proposed amendments was to introduce a basis for claims 74 and 76 to 81 of application [Serial No. 685,501], but such basis is lacking in the original disclosure and cannot properly be supplied by amendment." But in the view we take of the case it is not necessary to discuss this finding.

With respect to appellant's right to amend his description and to add Figs. 10, 11 and 12, this appears to have been fully answered by the examiner in his letter of January 25, 1944, paper #52, which was in response to the amendments filed Sept. 23, 1943, and January 7, 1944, presenting such matter. The pertinent part of said letter reads as follows: [Here the Board quoted that part of the Primary Examiner's letter of January 25, 1944, above set forth.]

Appellant is presenting here exactly the same matter in a different form as was fully disposed of in our decision on motion to dissolve in Interference No. 74,402 and later an *Ex parte* appeal in this case. Each of these decisions was based on the fact that appellant did not have a disclosure of the claimed subject matter in his original detailed description.

On March 1, 1945, the appellant requested the Commissioner in the exercise of his supervisory authority to overrule the Primary Examiner's rejections of the amendments. On March 20, 1945, the Commissioner declined to intervene. In summary, the Patent Office through the rejections of the Primary Examiner, the decision of the Board of Appeals and the decision of the Commissioner declining to exercise his supervisory authority, refused to allow Figures 10, 11 and 12 to be entered and required the other proposed amendatory matter to be cancelled, all upon the ground that the appellant was thereby presenting new matter to the application. The action of the Patent Office was based upon Rule 70 providing:

In original applications all amendments of the drawings or specifications, and all additions thereto, must conform to at least one of them as it was at the time of the filing of the application. Matter not found in either, involving a departure from the original invention, cannot be added to the application even though supported by a supplemental oath, and can be shown or claimed only in a separate application. [35 U.S.C.A.Appendix, Rule 70]

It is clear from this review of the proceedings in the Patent Office that the finding of the District Court that the Commissioner considered the amendments and held upon their merits that they could not be properly entered in the application was correct. Obviously, in view of the rulings above set forth, it was because the Patent Office officials considered the amendments that they declined to allow them. It is clear also that the ruling of the trial court is correct as a matter of law. Determination by the Patent Office officials of the question whether or not under Rule 70 the amendatory material conformed to the original drawings or specifications, *i.e.,* determination of the question whether or not it was new matter, involved the exercise of judgment and discretion. "Mandamus . . . is employed to compel action, when refused, in matters involving judgment and discretion, but not to direct the exercise of judgment or discretion in a particular way nor to direct the retraction or reversal of action already taken in the exercise of either." United States ex rel. Roughton, v. Ickes, 1938, 69 App.D.C. 324, 329, 101 F.2d 248, 253, quoting from Wilbur v. United States ex rel. Kadrie, 1930, 281 U. S. 206, 218, 50 S.Ct. 320, 74 L.Ed. 809.

■ The appellant cites Coe v. United States ex rel. Remington Rand, 1936, 65 App.D.C. 387, 84 F.2d 240, wherein the issuance of a writ of mandamus by the District Court to compel the Commissioner to "enter and consider" an amendment to an application was affirmed. The case is distinguishable. There the patent applicant's claims were rejected by the Primary Examiner and the applicant promptly filed an amendment to his application traversing the ground of rejection. The Primary Examiner refused to enter and consider this amendment, although the case had the status of a regularly pending application. Under Patent Office Rule 68 as it then read "the applicant has a right to amend before or after the first rejection or action, and he may amend as often as the examiner presents new references or reasons for rejection." [35 U.S.C.A.Appendix, Rule 68] This court held that since the Primary Examiner's rejection was the first rejection, the amendment amounted merely to a request for a re-examination of the case in the light of this rejection, and that the applicant, under Rev.Stat. § 4903 (1875), 35 U.S.C.A. § 51, had a right to such re-examination and that denial of such right would, in view of Rev.Stat. § 4909 (1875), 35 U.S.C.A. § 57, deprive the applicant of an appeal to the Board of Appeals. In the

instant case Rule 70 above printed is involved, not Rule 68. And as demonstrated above, the officials of the Patent Office in the instant case did consider the proposed amendments and for reasons which involved an exercise of their discretion refused to allow them to be made.

The dismissal of the complaint seeking a mandatory injunction is

Affirmed.

