## DE CAMBRA *v.* ROGERS.

ERROR TO THE SUPREME COURT OF THE STATE OF CALIFORNIA.

No. 170.　Argued and submitted February 24, 1903.—Decided March 16, 1903.

In an ordinary contest between two applicants for preëmption, in which the officers of the Land Department have decided upon the testimony in favor of one and against the other, the decision of the Land Department on questions of fact is conclusive upon the courts.

When the Secretary of the Interior has made a decision in such a contest the courts will not entertain an inquiry as to the extent of his investigation and knowledge of the points decided, or as to the methods by which he reached his determination.

ON April 28, 1897, Hannah Rogers and Frank J. Rogers, holders of the legal title to a tract of land in Alameda County,

commenced in the Superior Court of that county an action in ejectment against Manuel S. De Cambra and others. The defendants answered with a general denial, and, as authorized by the practice in California, De Cambra filed a cross complaint in equity, alleging that the plaintiffs had obtained the legal title wrongfully and held it in trust for him, and prayed a decree quieting his title to the land. A demurrer to this cross complaint was sustained, and upon a trial of the action a judgment was rendered in favor of the plaintiffs, which judgment was affirmed by the Supreme Court of California, 132 California, 502, and thereupon this writ of error was sued out.

Submitted by *Mr. J. C. Bates* for plaintiff in error.

Argued by *Mr. Franklin H. Mackey* for defendants in error.

MR. JUSTICE BREWER, after making the foregoing statement, delivered the opinion of the court.

The only question presented arises on the demurrer to the cross complaint. That cross complaint averred that in 1867 De Cambra purchased from one Hewett Steele the premises in controversy, with other adjoining lands, all of which were enclosed with fences and well-known exterior boundaries; that he entered into actual possession thereof, and has ever since continuously resided thereon; that in 1871 he sold an undivided half interest in the tract to Enos J. Rogers, the husband of Hannah and the father of Frank J. Rogers; that at that time the land was supposed to be a portion of a Mexican grant, and was within its exterior boundaries; that on August 10, 1878, the final official survey disclosed that there were more than three leagues of land within the exterior boundaries of said grant, and thereupon a part thereof, including the land in controversy, was restored by the United States to the public domain; that De Cambra and Rogers, who were brothers-in-law, agreed upon a division of the land excluded from the grant and restored to the public domain, De Cambra to take one portion, and that the tract in controversy, and Rogers the other; that

thereupon they went to the local land office to file their applications for entry; that De Cambra, being unable to read or write, and understanding the English language very imperfectly, trusted to Rogers to prepare the preëmption papers; that Rogers knowingly and fraudulently prepared the papers so as to make De Cambra an applicant for land upon which there was no dwelling house or other improvement, and only a small part of which was in his possession and three fourths of which was thoroughly worthless, Rogers himself filing a preëmption claim for the land which it had been agreed should be entered by De Cambra, the land which was his homestead and upon which his improvements had been made; that De Cambra did not discover this until December 29, 1883; that thereupon he made the proper application at the land office for this land; that a contest ensued, which was finally decided by the Secretary of the Interior in favor of Rogers, and the land patented to the plaintiffs, his widow and son. The cross complaint further averred that although the decision apparently rendered by the Secretary of the Interior was signed by him, yet in fact for want of time and opportunity the Secretary had not read or heard read the evidence in the contested case, and simply signed his name to a report prepared by one of the clerks in the department.

This cross complaint states no question of law decided in these contest proceedings in the Land Department adversely to De Cambra. Indeed, the grounds of the decision are not disclosed. There is no copy of the testimony given on the contest. It appears that De Cambra offered testimony showing his qualifications, settlement, occupation, etc., and it is stated that some evidence was given in support of the Rogers application. It is alleged that the land officers came to their conclusion " by the misconstruction of the evidence submitted to them and the misapplication of the law to the evidence, and in violation of the just and equitable rights and claims of Manuel S. De Cambra." For all that appears, the officers may have found the facts to be just the contrary to the averments in the cross complaint; and if they misapplied any rule of law to the testimony we are not advised of the rule they misapplied or

how they misapplied it. As it appears affirmatively that, before the contest, De Cambra was informed of the nature of the wrongs he alleges were perpetrated upon him by Rogers, it may be presumed that evidence was offered by both parties upon that question, and that it was decided adversely to his contention. Under those circumstances nothing is shown except an ordinary contest between two applicants for preëmption, in which the land officers upon the testimony decided in favor of one and against the other. But it is well settled that the decision of the Land Department upon questions of fact is conclusive in the courts. *Burfenning* v. *Chicago &c. Railway*, 163 U. S. 321, 323, and cases cited; *Johnson* v. *Drew*, 171 U. S. 93, 99; *Gardner* v. *Bonestell*, 180 U. S. 362.

It is hardly necessary to say that when a decision has been made by the Secretary of the Interior, courts will not entertain an inquiry as to the extent of his investigation and knowledge of the points decided, or as to the methods by which he reached his determination.

These are the only Federal questions presented, and their decision was unquestionably correct.

The judgment of the Supreme Court of California is

*Affirmed.*