### NATIONAL LABOR RELATIONS BOARD v. FORD MOTOR CO.
#### No. 9565.

Circuit Court of Appeals, Ninth Circuit.
March 31, 1941.

Roberts B. Watts, Gen. Counsel, National Labor Relations Board, Laurence A. Knapp, Associate Gen. Counsel, Ernest A. Gross, Asst. Gen. Counsel, Richard C. Barrett, Louis Libbin, and Bertram Edises, Attys., National Labor Relations Board, all of Washington, D. C., for petitioner.

W. F. Williamson and W. R. Wallace, Jr., both of San Francisco, Cal., Oscar A. Trippet of Los Angeles, Cal., Louis J. Colombo and I. A. Capizzi, both of Detroit, Mich., F. H. Wood, and A. McCormack, both of New York City, and H. Duncombe, of Detroit, Mich., and Cravath, de-Gersdorff, Swaine & Wood, of New York City, for respondent.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

After hearing before an Examiner, the National Labor Relations Board found that the Ford Motor Company had engaged in and was engaged in certain unfair labor practices and issued its cease and desist order.[1] This order is pending in this Court on the Board's petition for enforcement.

We shall herein designate the National Labor Relations Board as the "Board", and the Ford Motor Company as "Ford".

In the Ford answer there are a number of affirmative allegations to which the Board has not replied. We are presently concerned with a motion heretofore made and argued to us that we direct the Board to reply to such allegations and to supplement the record of the proceedings before the Board as filed in this Court by requiring the addition thereto of unidentified documents found in the "Informal File of the Board" and as well inter-office communications between the Board members and the attorneys.

The affirmative allegations need not be referred to separately in this opinion. They are to the effect that the Board delegated its judicial authority to subordinates in its organization and that such subordinates consulted and applied evidence outside the record of the hearing before the Examiner, to-wit, correspondence and other data found in the Board's "informal file" of the case. The petition is accompanied by an affidavit of certain statements made before a Congressional Committee as to the conduct of certain cases pending before the Board and by such affidavit the affiant seeks to show the general practices in the handling of cases by the Board. All but one of such affirmative allegations of the answer are made upon information and belief, and no specific incidents of the use of non-record evidence is alleged and no specific injury to Ford is pointed out either by the allegations or in argument. The Morgan cases (Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288, and Id., 304 U.S. 1, 58 S.Ct. 773, 999, 82 L.Ed. 1129) are principally relied upon by petitioner Ford.

After the hearings before the Examiner had been concluded the latter officer made his intermediate report of the case to the Board. Ford had access to such report and filed with the Board numerous exceptions to it. Thereafter Ford filed a brief with, and orally argued the case to, the Board members.

Ford, it will be observed, does not contend that its affirmative allegations go to any deprivation of due process or of any prejudice to it in any of the formal pro-

ceedings of the case, but does allege that notwithstanding the regularity of the procedural steps the Board permitted its subordinate "Review Attorneys" to consult and use the "informal file" in making their report to it of their study of the case and that members of the Board took the suggestions of the Review Attorneys without themselves reading, considering or appraising the evidence or inspecting the exhibits. Ford also complains that the prosecution and judicial functions of the Board were not kept properly separated.

■ The relations of the Board to its attorneys is not the same as the relation between a Court and attorneys in an ordinary adversary law suit as counsel for Ford would seem to argue. In Board proceedings the Board itself institutes the proceeding before itself after charges have been lodged with it, and its attorneys are a part of the machinery authorized by the Act of Congress for the adjustment of labor difficulties with the least possible delay in order that the commerce between the states shall not be unduly affected. It is obvious that the matters contained in the informal file are in the minds of the judicial triumvirate—the members of the Board—and it will not be presumed that because the attorney staff advisory to the Board may also have knowledge contained in such file that either the attorneys or the Board will make improper use of such knowledge.[2] See Federal Communications Commission v. Sanders Bros. Radio Station, 309 U.S. 470, 60 S.Ct. 693, 84 L.Ed 869.

■ The flat statements in the allegations that the Board did not consider the evidence or the exceptions to the intermediate report in the face of the uncontradicted fact that Ford attorneys appeared before the Board and orally argued in support of their exceptions do not appeal to us as a sufficient ground for exercising our discretion[3] in favor of our ordering a bill of discovery, which the proceeding before us really is in effect.

The very magnitude of the task placed upon the Board is eloquent of the fact that the Congress never conceived the Board as a true Court itself listening to every detail of every case without consultation with its Examiner and other assistants provided for in the Act.

The motion is denied.

•

HANEY, Circuit Judge (concurring).

I concur in the result only, because I believe the majority make two fundamental errors. The first is that notwithstanding the allegations that the Board considered evidence not introduced as such, the majority holds that "it will not be presumed * * * that either the attorneys or the Board will make improper use of such" material. This can only mean that it will be conclusively presumed that the Board will do no wrong therein, and is contrary to Ford Motor Co. v. National Labor Relations Board, 305 U.S. 364, 59 S.Ct. 301, 83 L.Ed. 221, infra. I conceive this to be confusion of two rules. A presumption relates to the proof and not to the pleadings, except possibly in the case where

2 As to the necessity for a prima facie showing before an inquiry will be made into the manner in which a judicial determination has been made, see Clark v. United States, 289 U.S. 1, 14, 18, 53 S.Ct. 465, 77 L.Ed. 993; Chicago, B. & Q. R. Co. v. Babcock, 204 U.S. 585, 593, 27 S.Ct. 326, 51 L.Ed. 636; Great Northern R. Co. v. Weeks, 297 U.S. 135, 145, 56 S.Ct. 426, 80 L.Ed. 532; Federal Communications Commission v. Sanders Bros. Radio Station, supra.

As to the extent of the presumption that the judicial tribunal has not arrived at its judgment through material de hors the record, see Keith Lumber Co. v. Houston Oil Co., 5 Cir., 257 F. 1, 8 certiorari denied 250 U.S. 666, 40 S.Ct. 13, 63 L.Ed. 1197; Unkle v. Wills, 8 Cir., 281 F. 29, 34; Jonah v. Armstrong, 10 Cir., 52 F.2d 343, 345; National Re-

serve Ins. Co. v. Scudder, 9 Cir., 71 F. 2d 884, 888; Wade v. Blieden, 8 Cir., 86 F.2d 75, 77; Anderson v. United States, 8 Cir., 65 F.2d 870, 872.

As to the presumption of regularity of official acts, see Smith v. St. Louis & S. W. R. Co., 181 U.S. 248, 258, 21 S.Ct. 603, 45 L.Ed. 847; United States v. Chemical Foundation, Inc., 272 U.S. 1, 14, 15, 47 S.Ct. 1, 71 L.Ed. 131; Consolidated Edison Co. v. National Labor Relations Board, 305 U.S. 197, 228, 59 S.Ct. 206, 83 L.Ed. 126; Morgan v. United States, 304 U.S. 1, 18, 58 S.Ct. 773, 999, 82 L.Ed. 1129; De Cambra v. Rogers, 189 U.S. 119, 122, 23 S.Ct. 519, 47 L.Ed. 734; United States ex rel. West v. Hitchcock, 205 U.S. 80, 86, 27 S.Ct. 423, 51 L.Ed. 718.

3 Rule 7 (a) Federal Rules of Civil Procedure.

there is no allegation concerning the fact which leads to the presumption, which is not the case here. In other words, a presumption merely places on one party the duty of going forward with the evidence, and controls the result when such party fails to comply with the duty thus imposed. Del Vecchio v. Bowers, 296 U.S. 280, 286, 56 S.Ct. 190, 80 L.Ed. 229; Department of Water and Power v. Anderson, 9 Cir., 95 F.2d 577, 583. No question of proof is before us. The question in controversy is whether the Board should be compelled to file a reply. I think it is clear, therefore, that any rule regarding presumptions is wholly inapplicable here.

The second fundamental error lies in what appears to be a holding that there must be "a prima facie showing before an inquiry will be made into the manner in which a judicial determination has been made". It is subject to the same criticism set forth above. Were we trying the issue the "prima facie" rule might be applicable. However, no issue of fact is before us. We are called on to decide whether the answer alleges facts which, if taken as true, would require a reply thereto, in order to make up the issues for trial. At this stage, we are not concerned with the question as to whether respondent can prove the allegations, and if so, how. Until the issues are made, we do not know whether a trial will be required, because we do not know whether there will be any issues of fact in question.

Respondent has moved for an order directing the National Labor Relations Board to file a reply to its answer, and directing the Board to include in the transcript all ex parte material and communications not introduced in evidence, but used by the Board in reaching its decision.

On March 7, 1938, the International Union, United Automobile Workers of America Local No. 406, filed a charge with the Board that respondent had engaged in and was engaging in unfair labor practices within the meaning of § 8, subsections 1, 2, 3 and 5 of the National Labor Relations Act. An amended charge was filed April 26, 1938, wherein the charge that § 8(3) of the act was violated, was abandoned.

The Board's complaint was issued on April 27, 1938, and an amended complaint was issued on May 24, 1938. After answer was filed by respondent, the trial examiner conducted hearings from June 6, 1938, to June 16, 1938. On August 12, 1938, the trial examiner filed his intermediate report to which respondent on September 9, 1938, filed over 200 exceptions. On the following day, respondent moved for leave to file a brief with and present oral argument before the Board, which was granted. The Board's order was issued on December 8, 1939.

On July 6, 1940, the Board filed in this court a petition for enforcement of the order. The answer filed in this court on September 19, 1940 to the petition for enforcement contained affirmative allegations in paragraphs 6 to 31. It is said that they allege that the Board failed to accord respondent a fair hearing. Paragraph 7 of the answer is as follows:

"Answering said petition, respondent respectfully shows: * * *

"7. Upon information and belief, in making its decision and order, neither the Board itself nor any member thereof considered or appraised the evidence but the Board adopted as its own a decision proposed by its subordinates without affording respondent any opportunity to be heard thereon."

The remainder of the allegations except two which are immaterial here, are made on information and belief, and are more detailed. The Board has filed no reply to this answer.

On November 28, 1940, respondent filed a motion for an order directing the Board (a) to file within a reasonable time a reply to the allegations contained in paragraphs 6 to 31 of their answer, and (b) to supplement the certified transcript of record filed in this court by including "all reports, findings or communications which were prepared for the use of the Board or its subordinates or were made to or received or considered by the Board or its subordinates" in determining the exceptions to the intermediate report, in considering respondent's brief, and in making its decision and order; by including the names of the writers of the papers referred to; and by including the matter contained in the Board's informal file.

Respondent contends that the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, are applicable to this proceeding. See Rule 81(a) (5). For the

purposes of this decision, I assume, without so deciding, that such rules are applicable, and that, therefore, we have power to order the filing of a reply to the answer under Rule 7(a) if it is needed to frame the issues.[1] If the allegations in the affirmative defense are insufficient to raise the issues sought to be raised, then there is no reason for compelling the filing of a reply.

We may take it as settled that the defense said to be raised, may in fact be raised on petition for enforcement of the Board's order. National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 47, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352; National Labor Relations Board v. Biles Coleman L. Co., 9 Cir., 98 F.2d 16, 17.

In Ford Motor Co. v. National Labor Relations Board, 305 U.S. 364, 59 S.Ct. 301, 83 L.Ed. 221, the Board petitioned for enforcement of its order. The Company "filed its answer to the Board's petition, alleging that the order was invalid and asking that it be set aside upon the grounds, among others, that the Board had failed to accord petitioner a full and fair hearing, and that the Board had not itself considered the evidence but had adopted as its own a decision prepared by its subordinates without affording petitioner any opportunity to be heard thereon". 305 U.S. at page 366, 59 S.Ct. at page 303, 83 L.Ed. 221. The company also filed a petition to review the Board's order. Its answer and its petition presented "substantially the same objections". 305 U.S. at page 370, 59 S.Ct. at page 305, 83 L.Ed. 221. The court said, 305 U.S. at page 372, 59 S.Ct. at page 306, 83 L.Ed. 221:

"If the court itself had set aside the findings and order of the Board upon the ground, as asserted by petitioner, that the Board had not considered the evidence and made its own findings, but had adopted as its own a decision proposed by its subordinates without affording petitioner any opportunity to be heard thereon, the court could have remanded the cause for further proceedings in conformity with its opinion. *That ground being sufficient for setting aside the order* there is no principle of procedure in relation to the review either of judicial decrees or administrative orders which would require the court to examine other grounds of attack". (Italics supplied.)

In view of this language, it is apparent that if such facts are alleged in the answer before us, the answer alleges facts tendering an issue, and the Board should be directed to reply so that the issues for trial in this court may be made. National Labor Relations Board v. Cherry Cotton Mills, 5 Cir., 98 F.2d 444.

The Board contends "that before a court will determine whether an inquiry into the Board's processes of decision is proper, there must first be a strong prima facie showing of unfairnesss in the hearing", and relies on National Labor Relations Board v. Lane Cotton Mills Co., 5 Cir., 108 F.2d 568. If the Board's contention is that a litigant must come into court and prove a prima facie case, before he is entitled to plead it, I think such contention is erroneous, and decline to follow the cited case if it so holds, which I doubt.

Of course, like any other litigant, respondent must allege a case before it is entitled to be heard or insist on a reply. I think it has failed to do so here.

The allegations of facts said to show unconstitutionality are made on information and belief. Ordinarily, where the facts alleged are not presumptively within the knowledge of the pleader, allegations on information and belief are sufficient. *Moore v. New York Cotton Exchange*, 270 U.S. 593, 611, 46 S.Ct. 367, 70 L.Ed. 750, 45 A.L.R. 1370, affirming 2 Cir., 296 F. 61, 73; Helmet Co. v. Wm. Wrigley, Jr., Co., 6 Cir., 245 F. 824, 826, and authorities cited; I.T.S. Rubber Co. v. Essex Rubber Co., 1 Cir., 281 F. 5, 10; McQuillen v. National Cash Register Co., D. C. Md., 22 F.Supp. 867, 876; 49 C.J. 148, § 163. Compare Monroe Cattle Company v. Becker, 147 U.S. 47, 55, 13 S.Ct. 217, 37 L.Ed. 72. However, this is not the ordinary civil case. It is one where grave charges of improper conduct by a body created by Congress are made. It is charged that such body deprived respondent of constitutional rights. Should we hold that such serious charges may be made upon information and belief?

Regarding a hearing on the charges, it is said in United States v. Butler, 297 U.S.

---

1 See, also, National Labor Relations Board v. Cherry Cotton Mills, 5 Cir., 98 F.2d 444; Inland Steel Co. v. National Labor Relations Board, 7 Cir., 105 F.2d 246.

1, 67, 56 S.Ct. 312, 320, 80 L.Ed. 477, 102 A.L.R. 914: "* * * Every presumption is to be indulged in favor of faithful compliance by Congress with the mandates of the fundamental law. Courts are reluctant to adjudge any statute in contravention of them. But, under our frame of government, no other place is provided where the citizen may be heard to urge that the law fails to conform to the limits set upon the use of a granted power. *When such a contention comes here we naturally require a showing that by no reasonable possibility can the challenged legislation fall within the wide range of discretion permitted to the Congress.* * * *" (Italics supplied.)

In Mayor v. Cooper, 73 U.S. 247, 251, 6 Wall. 247, 251, 18 L.Ed. 851, it is said: "This court has the power to declare an act of Congress to be repugnant to the Constitution, and therefore invalid. But the duty is one of great delicacy, and only to be performed where the repugnancy is clear, and the conflict irreconcilable. Every doubt is to be resolved in favor of the constitutionality of the law."

Considering the delicate nature of our duty, it would seem that it is not unreasonable to hold that allegations on information and belief, making such grave charges, are insufficient to tender an issue. If doubt in the proof is to be resolved in favor of constitutionality of the action taken by the Board, then it would seem reasonable to resolve the doubt arising from allegations "upon information and belief" to be resolved in favor of the Board. I hold that allegations of the nature presented herein, made upon information and belief, are insufficient to tender an issue, and therefore no reply by the Board is required.

The fear that in all other proceedings such charges will seriously delay and hamper the Board, is thus made groundless, in view of our broad power under Federal Rules Of Civil Procedure, Rule 11.

The Board relies on National Labor Relations Board v. Ford Motor Co., 6 Cir., 114 F.2d 905; Inland Steel Co. v. National Labor Relations Board, 7 Cir., 105 F.2d 246; Cupples Company Manufacturers v. National Labor Relations Board, 8 Cir., 103 F.2d 953; and National Labor Relations Board v. Biles Coleman Lumber Co., 9 Cir., supra. It is unnecessary to consider minutely each of such cases. None of them is controlling here. All held the defense to be insufficiently alleged. There, the general allegations, which were not conclusions of law, showing a violation by the Board of the rules governing administrative hearings, were so limited by allegations showing what the Board did in fact do, that a consideration of all the allegations together, disclosed that what the Board did was proper under the decision in Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288. In the instant case, while it is true that here there are a great many allegations following paragraph 7, none of them shows that the Board considered any part of the evidence, and therefore the general allegations in paragraph 7 are not weakened or destroyed.

The Board also relies on National Labor Relations Board v. Botany Worsted Mills, 3 Cir., 106 F.2d 263, but that case is not in point. It was there decided that the Board would not be compelled to give evidence by interrogatories designed to impeach its decision, and that it had the same immunity as a jury in that respect. Such a question is not here presented.

That part of the motion which seeks to require the Board to include various documents in the record is likewise denied. If the Board considered evidence not introduced as such, and if it "may have been an important factor in the conclusions reached", it would appear that the order should be held void. United States v. Abilene & S. R. Co., 265 U.S. 274, 288, 44 S.Ct. 565, 68 L.Ed. 1016. All respondent needs to show is that the Board considered matter not introduced as evidence, and that it "may have been an important factor in the conclusion reached". The contents of the matter is immaterial.

The motion should be denied.