SOUTHWESTERN PETROLEUM COR-
PORATION, Appellant,

v.

Stewart L. UDALL, Secretary of the
Interior, Appellee.

No. 17545.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 8, 1963.

Decided Nov. 14, 1963.

---

Mr. Joseph A. Sommer, Santa Fe, N. M., with whom Messrs. Thomas F. McKenna, Santa Fe, N. M., and James T. McNelis, Washington, D. C., were on the brief, for appellant.

Mr. Hugh Nugent, Attorney, Department of Justice, with whom Asst. Atty. Gen. Ramsey Clark, Messrs. Roger P. Marquis and Thomas L. McKevitt, Attorneys, Department of Justice, were on the brief, for appellee.

Before EDGERTON, Senior Circuit Judge, and WASHINGTON and BASTIAN, Circuit Judges.

BASTIAN, Circuit Judge.

On August 9, 1957, three applicants, Mrs. Helen L. Richardson, Glenn Lovett, and appellant, Southwestern Petroleum Corporation, filed oil and gas lease offers involving public lands within the same New Mexico township. Mrs. Richardson and Lovett filed their offers simultaneously at 10:00 A.M. and Southwestern filed its offer at 1:47 P.M. All three offers ultimately included a 120-acre tract in section 10 and a separate 160-acre tract in section 11, and, in the case of Southwestern, an additional tract in section 14, the total amount of land in each final offer being less than 640 acres.

At a drawing to determine which of the simultaneous offers, Mrs. Richardson's or Lovett's, should be given priority, Mrs. Richardson's was drawn first. On October 22, 1957, the manager of the Santa Fe Land Office rejected Mrs. Richardson's offer for the land in section 11, but accepted it for the land in section 10, relying on 43 C.F.R. § 192.42(d), which provides in pertinent part:

> "Each offer * * * may not be for less than 640 acres except * * * where the land is surrounded by lands not available for leasing under the act. * * *" 43 C.F.R. § 192.-42(d), as amended, 22 Fed.Reg. 3072 (May 1, 1957).

On November 1, 1957, two leases were issued, NM 036709 to Mrs. Richardson covering the land in section 10 and NM 036710 to Lovett covering the land in section 11, in consequence of which Southwestern's offer to lease was rejected on May 22, 1959.

Southwestern appealed the rejection of its offer to the Director, Bureau of Land Management, who held that, of the three offers in question, only the offer of Southwestern covered "all lands available for leasing," and directed that the Richardson and Lovett leases be cancelled.

Mrs. Richardson and Gulf Oil Corporation, assignee of Lovett, appealed the Director's decision to the Secretary of the Interior, who reversed the decision with regard to Mrs. Richardson and remanded the case with direction to reinstate her lease.[1] In his opinion, the Secretary, construing 43 C.F.R. § 192.42 (d), held that the manager of the Land Office was correct both in rejecting Mrs. Richardson's offer for the land in section 11, since that land adjoined land available for leasing in section 14, and in accepting her offer for the land in section 10, since that land was isolated from land available for leasing.

Southwestern then filed this action in the District Court seeking review of the Secretary's decision. After a hearing on cross-motions for summary judgment, the District Court granted the Secretary's motion and dismissed the suit. This appeal followed.

Appellant here does not attack the validity of the regulation. Indeed, in Boesche v. Udall, 112 U.S.App.D.C. 344,

---

1. With respect to Gulf Oil Corporation, the Secretary remanded the case to the Bureau of Land Management for further findings.

303 F.2d 204 (1961), aff'd 373 U.S. 472, 83 S.Ct. 1373, 10 L.Ed.2d 491 (1963), we sustained its validity under different circumstances. Rather, appellant maintains that, in allowing the acceptance of part of an offer to lease while rejecting another part, the Secretary's interpretation of the regulation is erroneous. It is urged that the regulation requires *all* of the available land covered by the offer to be isolated, and that the inclusion of non-isolated land will cause the entire offer to be rejected.

In Wright v. Paine, 110 U.S.App.D.C. 100, 102, 289 F.2d 766, 768 (1961), we said:

> "Appellees challenge the Secretary's interpretation, not the validity, of the regulation governing the procedures for leasing lands which have become available through relinquishment of a previous lease. His interpretation 'becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation.' Bowles v. Seminole Rock & Sand Co., 1945, 325 U.S. 410, 414, 65 S.Ct. 1215, 1217, 89 L.Ed. 1700. The 'courts can intervene only where legal rights are invaded or the law violated.' Chapman v. Sheridan-Wyoming Coal Co., 1950, 338 U.S. 621, 631, 70 S.Ct. 392, 397, 94 L.Ed. 393."

Cf. also McKenna v. Seaton, 104 U.S.App. D.C. 50, 259 F.2d 780, cert. denied, 358 U.S. 835, 79 S.Ct. 57, 3 L.Ed.2d 71 (1958).

Thus, the question in this case is whether the Secretary's interpretation of the regulation is reasonable. Essentially, the question is whether "the land" referred to in the regulation, as applied to an offer designating separate tracts of land, means all the land in the offer or the land in each of the tracts of the offer.

 It was for the Secretary, the promulgator of the rule, to determine which of the two possible interpretations was better in accord with the over-all leasing policy of which the regulation is a part. We cannot say that the Secretary's choice of interpretation was unreasonable and, absent such a finding, we cannot disturb his decision.[2]

Affirmed.

---

**2.** While the Secretary further contends that the District Court's dismissal of the action was proper because of the absence of the lessee, Mrs. Richardson, an indispensable party, we do not reach that question. See Miller v. Udall, 113 U.S. App.D.C. 339, 341, n. 2, 307 F.2d 676, 678, n. 2 (1962), cert. denied, 371 U.S. 967, 83 S.Ct. 550, 9 L.Ed.2d 538 (1963); Safarik v. Udall, 113 U.S.App.D.C. 68, 74, 304 F.2d 944, 950, cert. denied, 371 U.S. 901, 83 S.Ct. 206, 9 L.Ed.2d 164 (1962).