**NORTH STAR DAIRY, a corporation, Plaintiff,**

v.

**COMMODITY CREDIT CORPORATION, Defendant.**

**No. 3–64–Civ. 280.**

United States District Court
D. Minnesota,
Third Division.

May 13, 1965.

M. V. Seymour and McNeil V. Seymour, Jr., St. Paul, Minn., for plaintiff.

Patrick J. Foley and Stanley H. Green, Asst. U. S. Attys., Minneapolis, Minn., for defendant.

LARSON, District Judge.

This is an action against the Commodity Credit Corporation under 15 U.S.C. § 714b (1958). The defendant has moved for summary judgment. There are no disputed facts. The only issue is the interpretation of the terms of 7 C.F.R. § 1485.206.

The plaintiff North Star Dairy sold some dry milk to a foreign buyer. The defendant aids such sales by paying subsidies on each pound of dry milk sold. During the period with which this case is concerned subsidy rates for the next two weeks were announced every second Friday.

In order to be eligible for subsidy payments, the plaintiff was required to register the sale by filing a Notice of Sale, Form CCC–138, in the Washington office of the Foreign Agricultural Service.

The regulations covering such registrations also provide:

Telegraphic notice of sale will be acceptable provided all data is included in the telegram that is required by Form CCC–138 and further provided the telegraphic notice is confirmed by submission of a properly executed Form CCC–138 to the Office of the General Sales Manager. Form CCC–138 must be submitted to the Office of the General Sales Manager not later than ten business days after the date of export sale. *An extension of a period for a registration shall be at the discretion of the General Sales Manager*, upon showing to his satisfaction that failure to register was without fault or negligence of the exporter. * * * Upon receipt of an acceptable Form CCC–138, a registration number will be assigned by the Office of the General Sales Manager, and an acknowledgment copy of the form showing such registration number will be returned to

the exporter. 7 C.F.R. § 1485.206. (Emphasis added).

\* \* \* \* \* \*

The rate in effect at the time of sale to a foreign buyer or the rate in effect at the time of registration of the Notice of Sale as required by § 1485.206, whichever rate is the lower, shall be the rate applicable to the export sale. 7 C.F.R. § 1485.212.

The plaintiff completed a sale while one subsidy rate was in effect, but did not wire the defendant until another (lower) rate had become effective. North Star requested the General Sales Manager to grant it an extension of the time in which to register at the earlier (higher) rate. The Sales Manager replied that § 1485.206 gave him no power to grant such an extension. North Star maintains that this was an improper interpretation as a matter of law, and requests that this Court direct the Sales Manager to exercise the discretion referred to in § 1485.206. In short, the plaintiff argues that the phrase "extension of a period for registration" really means "extension of the period during which one may take advantage of a superseded subsidy rate." The Court is not able to agree with this construction.

The full regulation provides two means of registering a sale. One is merely to file a Form CCC–138. The other is to send an acceptable telegram and then file the Form within ten days. Basically, § 1485.206 does not set a time limit on the act of registration itself. Registration may come days or weeks after the sale. § 1486.206 merely requires that proper forms be submitted within ten days if the original notice of the sale was by telegram. Thus, when the regulation speaks of an "extension of a period" it is logically referring to the ten day period mentioned in the previous sentence. Upon this reading, the construction given by the General Sales Manager is correct.

In any case, the interpretation placed on the regulation is clearly not arbitrary. The best that can be said for

the plaintiff's position is that it represents one possible interpretation. But the official administrative interpretation of a regulation is given great weight and will be overturned by a Court only if it is clearly unsupportable. See e. g., Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 413–414, 65 S.Ct. 1215, 89 L. Ed. 1700 (1945); Southwestern Petroleum Corp. v. Udall, 117 U.S.App.D.C. 60, 325 F.2d 633, 635 (1963); and Fred Wolferman, Inc. v. Gustafson, 169 F.2d 759, 763 (8th Cir. 1948). The defendant's motion for summary judgment must, therefore, be granted.