Paul HARVEY, Grace Ernest and Lalo Enriquez, Appellants,

v.

Stewart L. UDALL, Secretary of the Department of the Interior, Appellee.

No. 9438.

United States Court of Appeals Tenth Circuit.

Nov. 8, 1967.

Rehearing Denied Dec. 14, 1967.

A. K. Montgomery and Fred C. Hannahs, Santa Fe, N. M., for appellants.

Raymond N. Zagone, Atty., Dept. of Justice (Edwin L. Weisl, Jr., Asst. Atty. Gen., John F. Quinn, Jr., U. S. Atty., Ruth C. Streeter, Asst. U. S. Atty., and Roger P. Marquis, Atty., Dept. of Justice, Washington, D. C., with him on brief), for appellee.

Before PICKETT, HILL and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

This action seeks to overturn the Secretary of the Interior's rejection of appellants' offer for an oil and gas lease. The trial court sustained the Secretary's motion for summary judgment and this appeal followed. This court has the right to review under Section 10 of the Administrative Procedure Act, 5 U.S.C. § 701(a) (Supp. II 1966), *formerly* 5 U.S.C. § 1009, unless (1) statutes preclude judicial review, or (2) agency action is by law committed to agency discretion. Heffelman v. Udall, 378 F.2d 109, 111 (10th Cir. 1967).

We find no statute precluding review. Further, this court has said the Secretary has discretion only in offering lands for lease, and "once he has decided to lease it is mandatory that he issue a lease to the first qualified applicant, if he is going to lease at all." Southwestern Petroleum Corporation v. Udall, 361 F.2d 650, 654 (10th Cir. 1966).

On June 19, 1964, appellant Harvey submitted to the Land Office in Santa Fe, New Mexico, an offer to lease parcel 182 which had been included in certain oil and gas leases which were cancelled, relinquished, terminated or expired. The offer was made on a Simultaneous Oil and Gas Entry Card (Form 4–1644).

At the simultaneous drawing which was subsequently conducted by the Land Office, appellants' entry card was drawn. The offer was rejected because the appellants failed to file the instruments detailing their respective interests as identified on the Simultaneous Oil and Gas Entry Card.

The determination was first appealed to the Director of the Bureau of Land Management, by whom it was sustained, and then to the Secretary of the Interior whose decision sustaining the rejection is now challenged.

Appellants contend that 43 C.F.R. § 3123.9 (1966) is exclusive in governing the filing of simultaneous offers and supercedes the provisions of 43 C.F.R. § 3123.2(c) (3) (1966). The Secretary concluded "that where an offer is filed in a simultaneous filing under 43 C.F.R. § 3123.9 which states that there are other parties in interest, the separate statements required by 43 C.F.R. § 3123.2(c) (3) must be filed within 15 days or the offer will become defective."

The Simultaneous Oil and Gas Entry Card (Form 4–1664) was promulgated by the Secretary in 29 Fed.Reg. 2503 (1964) and contains the following provision: "Compliance must be made with the provisions of 43 C.F.R. § 192.42(e) and (f)," now 43 C.F.R. § 3123.2 (1966). The failure of appellants to note and comply with this admonition made the Form 4–1664 defective in that it was not fully executed.

■ The purpose of the Mineral Leasing Act was "to promote the orderly development of the oil and gas deposits in the publicly owned lands of the United States through private enterprise." Senate Subcommittee of the Committee on Interior and Insular Affairs, The Investigation of Oil and Gas Lease Practices, 84th Cong., 2nd Sess. 2 (1957).

In 1956, to further the purpose of the Act, a subcommittee of the Committee on Interior and Insular Affairs was set up "to study and investigate the practices of companies and individuals under the mineral-leasing law to determine whether certain individuals or companies are avoiding acreage limitations by the use of 'straw men,' 'dummies,' or otherwise. * * *" Id. at 1. Continued concern over such practices is one reason for requiring disclosure of the parties in interest. Thus, by requiring such disclosure the Department of Interior can "keep a current check on the acreage chargeable to federal lessees and offerors." Rocky Mountain Mineral Law Foundation, Law of Federal Oil and Gas Leases § 5.15 (1967).

■ The Secretary's finding is supported by the amended requirements for simultaneous filings, notice of which was given in the Federal Register prior to the filing made by appellants. "And when courts are called upon to review the Secretary's interpretation of regulations made by him, his interpretation is likewise entitled to deference." Pan American Petroleum Corp. v. Udall, 352 F.2d 32, 35 (10th Cir. 1965).

The Secretary's finding is also supported by the policies enunciated by Congress in "The Investigation of Oil and Gas Lease Practices", supra. These policies are reflected in the amendments which have been made to the Mineral Leasing Act of 1920.

■ The deference accorded the Secretary's interpretation in the light of the notice given and policy enunciated directs us to affirm the trial court.

Affirmed.