[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE BURDEN OF PROOF ISSUES
The factual and procedural background of this case is outlined in Dragan v. Connecticut Medical Examining Board,34 Conn. App. 343 (1994). In that decision, the Appellate Court remanded the case to the Superior Court with instructions to "supplement the record" with respect to three issues: 1) whether the plaintiff was materially prejudiced by the Board's failure to permit the plaintiff to present evidence allegedly impeaching the testimony of one Dr. Clayton Weed, a witness at the Board proceedings; 2) whether the three Board members who had not heard the entire case had sufficiently familiarized themselves with the record; and 3) whether the importance and timing of the loss of a certain exhibit impacted on the Board's ability to be fully informed of the issues before it.
The Appellate Court did not specifically allocate the burden of proof with respect to any of these three issues. The parties have therefore jointly sought a preliminary ruling by the court before proceeding to a hearing on the merits.
In an administrative appeal, the burden of proving that some procedural irregularity occurred at the Board level is upon the plaintiff, and it must satisfy this burden by a fair preponderance of the evidence. Grillo v. Zoning Board ofAppeals, 4 Conn. App. 205, 207, 493 A.2d 275 (1985). A reversal or modification of the Board's final decision is warranted only if the court finds that "substantial rights" of the plaintiff were prejudiced by such a procedural irregularity. General Statutes § 4-183(g).
With respect to Dr. Weed's testimony, the parties agree that the burden is upon the plaintiff to supplement the record with evidence of the sort that it proposed to utilize to impeach the Board testimony of Dr. Weed. The plaintiff must also prove that the results of the proceeding before the Board are likely to have been different if the impeachment evidence had been presented to the Board ab initio. Although the plaintiff recites the "would likely affect the result" test of Swenson v. Sawoska,215 Conn. 148, 152-53, 575 A.2d 206 (1990), and the defendant CT Page 4972 points to the "material prejudice" test of Jutkowitz v.Department of Health Services, 220 Conn. 86, 97, 596 A.2d 374
(1991), this court views both tests as being essentially identical for purposes of this issue. If the plaintiff establishes that the Board's failure to permit the impeachment evidence would likely have affected the result of the proceeding, he will also have succeeded in establishing that he has been materially prejudiced by the omission.
With respect to the issue of the Board members' familiarity with the issues, both parties point to Pet v.Department of Health Services, et al., 228 Conn. 651, 638 A.2d 6
(1994) as well as the trial court's decision on remand of that case, Pet v. Department of Health Services, et al, Superior Court, JD of Hartford/New Britain at Hartford, DN. CV91-0396473 (August 11, 1994) (Maloney, J.). The defendant suggests that this court follow the procedure utilized by the trial court on the remand of Pet, in which the plaintiff had the burden of proving that the members of the hearing panel had not read the entire record before rendering a proposed decision. The plaintiff argues that in this case, in which no proposed decision was issued prior to the Board vote, the court should place the burden of proof on the defendant.
Board members are presumed to have done their duty until the contrary appears. Leib v. Board of Examiners forNursing, 177 Conn. 78, 84, 411 A.2d 42 (1979). Although in this case the Board is entitled to rely on that presumption with respect to the question of whether each of the Board members were sufficiently familiar with the issues prior the rendering a decision, it is nonetheless a presumption which may be overcome by sufficient evidence to the contrary. The question of Board member familiarity with the entire case has been affectively put into play by evidence showing that three members of the four who voted had not been present on all of the hearing dates. It is clear from the Appellate Court decision that this fact alone is not enough to rebut the presumption, and that is why it has directed this court to supplement the record.
As a practical basis for the plaintiff's position on this issue, he refers to the Board's argument to the effect that a plaintiff may not call the Board members as witnesses to question them about their familiarity with the record. Although it is true, however, that an adjudicating official may not ordinarily be subjected to inquiry concerning his mental CT Page 4973 processes, Henderson v. Department of Motor Vehicles, 202 Conn. 453,459, 521 A.2d 1040 (1987) or "the extent of his investigation and knowledge of the points decided, or as to the methods by which he reached his determination", NationalNutritional Foods Assn. v. FDA, 491 F.2d 1141 (2nd Cir. 1974) [quoting DeCambra v. Rogers, 189 U.S. 119, 122,23 S.Ct. 519 (1903)], this should not necessarily preclude inquiry as to whether the official has familiarized himself with the record. Indeed, it appears that upon remand from the Supreme Court, the trial court in Pet permitted precisely such a procedure.
As a general proposition, it is appropriate that an administrative official's thought processes should be insulated from review. However, when, as here, the question of whether those processes in fact occurred at all has been properly raised, and when an appellate court has specifically directed the trial court to supplement the record with respect to such an issue, some limited direct inquiry of the Board members in question ought to be permitted. Thus, although it is true that, as suggested by the plaintiff, proving lack of familiarity involves the difficult task of proving a negative, the plaintiff ought not be prevented from making a direct inquiry on this point, including calling and questioning the relevant Board members themselves.
Although "the party challenging an administrative decision always bears the burden of demonstrating that the decision was erroneous or improperly made", Blaker v. Planning Zoning Commission, 219 Conn. 139, 149, 592 A.2d 155 (1991), the plaintiff must be given a fair opportunity to meet that burden. Thus, although such an inquiry will not be permitted to extend to an investigation of the Board members' thought processes, the plaintiff will be allowed to inquire as to whether or not they read or otherwise familiarized themselves with the record[1], and the burden of proving that they have not will be on the plaintiff.
As to the lost exhibit, the Appellate Court implicitly rejected the plaintiff's argument that the mere fact of the missing exhibit satisfied its burden of raising this issue and that the burden was upon the Board to establish that the error was not harmful. Consistent with the basic rule that the burden is upon the plaintiff to establish that he was prejudiced materially by a Board ruling, the burden ought to be upon him to establish that the loss of the exhibit in this case adversely CT Page 4974 affected him and that, had the exhibit not been lost, the result would be likely to have been different.
Therefore, as to all issues on which the Appellate Court has directed that this court supplement the record, the burden of proof shall be upon the plaintiff.
Jonathan E. Silbert, Judge